### COLLIER v. UNION CENTRAL LIFE INS. CO.*

No. 8939.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1938.

*Rehearing denied Jan. 16, 1939.

412

Nat Harris, of Waco, Tex., for appellant.

B. R. Sleeper, of Waco, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was to foreclose mortgage liens. Appellant defending, pleaded homestead, and by cross complaint sought cancellation of the liens. Plaintiff denied that the property was homestead, and also pleaded estoppel to claim that it was. The trial court found:

(1) That defendant had acquired the title to Lot 2 as well as the adjoining lot of similar size and dimensions, known as Lot No. 1, Block 11, original town of Temple, and constituting with Lot 2, the west half of Block 11, prior to August 25, 1918, and owned both lots on that date, when he conveyed an undivided half interest therein to A. E. Collier.

(2) That on December 14, 1927, a partition deed was executed between the Colliers, in which a vendor's lien was retained on Lot 2 to secure the payment of an aggregate amount of $14,500 assumed by G. M. Collier out of the Southwestern Life Insurance Company loan and the Pearce loan.

(3) That the chief business and calling for the greater part of the life of G. M. Collier has been that of contractor and builder; that he was the financial backer of Arthur E. Collier, and a partner in the contracting business; that the revenue with which he supported his family came mainly from the apartment houses and duplexes, rather than the brick building; that G. M. Collier's connection with the roominghouse was not such as to constitute an "unequivocal, unambiguous, open and patent occupancy of the premises as his business homestead."

(4) That the agent of the Union Central Life Insurance Company had no notice of any homestead claim, and relied on the affidavits of the Colliers and the statements made in the application for the loan, that the property was not homestead and was not being used as such.

(5) That the use of the premises in question by G. M. Collier was not of such *unambiguous* and *unequivocal* a nature as to clearly and visibly impress the property with the homestead character.

(6) That the Colliers had designated as their homestead other property which they had used and occupied as a homestead for many years, and which they were actually

using and occupying as a residential homestead at the time of the designation, and had made an affidavit that they had abandoned the premises in controversy for business purposes, and were not using or claiming it as a homestead, and had no intention of ever using or occupying same as a business homestead.

(7) That G. M. Collier's former occupancy of the property for business had been by reason of his partnership interest in the business of G. M. Collier & Son, whose stock of merchandise had been removed before the making of the loan, and abandonment of the property as a business homestead had resulted.

(8) That if defendant was not estopped by equitable rules applicable to this case, and his evidence supported any claim to exemption; it was only to the three story brick roominghouse situated on Lot 2 in Block 11, since there was a segregation of the property, each house and cottage constituted a unit, separate and distinct, and such possession as he had, if any, of the roominghouse would not and did not extend to any other property on that lot.

Upon these findings he concluded as matter of law: (1) That the proof was insufficient to establish the homestead claim to any part of the property. (2) That defendant was estopped, both as to the existing liens which plaintiff in good faith took up, and as to the $3000 of new money advanced, by representations, affidavits and actions, from asserting against plaintiff the claim of business homestead.

Finally, he found that G. M. Collier, having assumed the lien of complainant against the half interest in the lot conveyed to him by A. E. Collier, was by the assumption estopped to deny its validity. He gave plaintiff judgment for foreclosure, and dismissed Collier's cross action for removal of cloud and cancellation of lien.

Appellant concedes that the judgment was right as to all of the property in question, except the brick hotel or roominghouse on Lot 2 and the necessary land in connection with it.

His claim is that: the record permits of no other reasonable conclusion than that, beginning many years before the making of the Pearce and Southwestern loans upon the property, and continuing until the time of the trial, appellant was using the hotel or roominghouse as a place to exercise his calling or business, to-wit, a hotel proprietor; and that, when appellee advanced the money to take up these loans, and an additional $3000, it knew that the property was his homestead, and was not in any manner deceived or misled by acts, conduct or representations of the mortgagors.

Appellee, in support of its position, offered evidence, oral and documentary, not only that the Colliers, in order to procure the loan, expressly represented that it was not their homestead, and was not in any manner being used as such, but evidence tending strongly to show that these statements were true. Against this evidence appellant's testimony is discredited, if not destroyed, by his testimony given in another case, and particularly by his affidavits, representations and conduct in securing this loan and the preceding ones (c/f what is said in Croker v. Croker, 5 Cir., 51 F.2d 11, 14) could not, it did not, prevail.

█ As to the part of the loan advanced to take up the prior mortgages, the record demands the finding of estoppel the court made. It shows beyond question that appellee took them up in the confident belief that they were valid when made, that is, were not upon homestead property; that this belief was induced by the positive representations and assurances of the Colliers that they were valid loans, and that the appellee acted upon this belief so induced, in good faith, without having any occasion whatsoever to believe or act differently. Not one syllable of credible evidence points to or supports any other conclusion.

█ As to the new money advanced, the evidence sufficiently supports the court's finding that the appellee believed and relied on the representations of the Colliers that the property was not their business homestead, within the meaning of the Constitution, cf. Thomas v. Creager, Tex.Civ. App., 107 S.W.2d 705, and that there was no possession on the part of the Colliers to lead to any other reasonable belief or action.

█ The Texas decisions are vigorous and unswerving in enforcing and giving effect to the homestead article of the Texas Constitution, Article 16, Sec. 50, Vernon's Ann. St. Const. art. 16, § 50,[1] as against collu-

---

[1] Providing that "no mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the pur-chase money therefor, or improvements made thereon."

sive attempts of lenders and borrowers, no matter how ingenious, to avoid it. They are equally vigorous and unswerving in protecting innocent lenders on homestead property, by raising an estoppel against borrowers to set up, that the property loaned on was really homestead, and that the loan had been procured through misrepresentation, fraud, or other machination on their part as to its homestead character.

One of the best reasoned cases, and one which has been uniformly followed, is First Texas Joint Stock Land Bank v. Chapman, Tex.Civ.App., 48 S.W.2d 651. Other cases which may be consulted are Judge v. Shaboub, Tex.Civ.App., 57 S.W.2d 613; McMullan v. San Antonio Joint Stock Land Bank, Tex.Civ.App., 78 S.W.2d 669; Hirschi v. Nixon, Tex.Civ.App., 103 S.W.2d 833; Guaranty Bond State Bank v. Kelley, Tex.Com.App., 13 S.W.2d 69; First Coleman National Bank v. Childs, Tex.Civ.App., 113 S.W.2d 602; Hughes v. Wruble, Tex. Com.App., 116 S.W.2d 368; Union Central Life Ins. Co. v. Roach, Tex.Civ.App., 106 S.W.2d 374.

But we do not rest our affirmance of the judgment on this ground alone. We rest it too, upon the finding of the District Judge, that the property was not, when appellee made the loan, the homestead, that is, was not being "used as a place to exercise the calling or business" of Collier as the head of a family. We are bound by this finding unless clearly erroneous. Holmes v. Cummings, 5 Cir., 71 F.2d 364; New Federal Rules, No. 52, 28 U.S.C.A. following section 723c. We cannot find it so.

Both, then, because by his acts, representations and conduct in securing the loans, appellant is estopped to assert the homestead claim, and because, estoppel aside, he has failed to maintain it, the judgment was right. It is affirmed.