## COOSA LAND CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9020.

Circuit Court of Appeals, Fifth Circuit.

May 1, 1939.

Llewellyn A. Luce, of Washington, D. C., for petitioner.

Courtnay C. Hamilton, Sewall Key, and John J. Pringle, Sp. Assts. to Atty. Gen., Jas. W. Morris, Assistant Attorney General, and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Hartford Allen, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appealing from a decision of the United States Board of Tax Appeals, finding deficiencies for the calendar years 1926 and 1927, and from an order of re-determination accordingly, petitioner claims error in the disposition of three items. The first is a claimed loss in petitioner's investment in the stock of the Boll-We-Go Company. The claim as to this is that it became worthless not in 1924, as found by the Board, but in 1925, resulting in a net loss to petitioner available to it in 1926, and in the alternative, if it did become

worthless in 1924, there was a net loss in both 1924 and 1925, with a carryover to 1926.

The second is a claimed loss in the sale by petitioner in 1927 of stock in the Atlas Fertilizer Company. As to this, the claim is that the Board erred both in finding that petitioner did not prove its ownership and sale of the stock, and in finding that if it did, it did not sufficiently establish the cost basis of it.

The third is, that petitioner was not taxable in 1926 and 1927 on the profits from the sale of stock in the Southeastern Power & Light Company, because the stock was not sold, nor were the proceeds received, by it, but, by the Schulers, the owners of petitioner.

The respondent, urging affirmance of the Board's decision, insists that all of the findings of which petitioner complains are findings of fact, and that each is supported by substantial evidence.

We agree with respondent that this is so as to the findings (1) that the taxpayer's investment in the stock of Boll-We-Go Company became worthless in 1924, rather than in 1925; (2) that the taxpayer did not own the stock of the Atlas Fertilizer Company at the time of its sale in 1927, and (3) that the taxpayer owned the stock in Southeastern Power & Light Company sold in 1926 and 1927 and was taxable on the profits of the sale.

Its finding, though, that there was no net loss in 1925 available to petitioner in 1926 is a mixed finding of law and of fact, and an erroneous one, if the Boll-We-Go stock loss is one "attributable to the operation of a trade or business regularly carried on by the taxpayer." As to this, the Board made no finding. Cf. Helvering v. Elkhorn Coal Co., 4 Cir., 95 F.2d 732.

Little need be said with regard to the fact findings of the Board as to the Boll-We-Go stock loss. The fact that the Boll-We-Go Company was adjudicated an involuntary bankrupt in 1924, in our opinion conclusively establishes that the loss of its value then occurred, in the absence, at least, of evidence overcoming or rebutting the finding of complete insolvency, implicit in the adjudication.

As to the loss on sale of the Atlas stock, a reading of the record, with its inadequate, indeed, almost unintelligible attempts at explanation by Schuler of the shifting about of that stock and others, leaves us in no doubt that there was adequate basis for the Board's finding that not the petitioner but Schuler, sold the stock and took the loss, and that petitioner may not claim it.

When, as here, a corporation is solely owned, indeed, is largely a name in which the owners, from time to time, to suit their convenience, carry stocks, and it is made to appear that as to a stock which has been the subject of much manipulation one of the owners in his return has taken a loss as personal to himself, we cannot say that the Board was not justified, as against his present testimony, in accepting the first position he took on it. Planters' Cotton Oil Co. v. Hopkins, 5 Cir., 53 F.2d 825. The finding that the stock and the loss was not the company's, but his, will not be disturbed. For it is reasonable that by a kind of evidential estoppel, what he has before solemnly affirmed to be true, when it was to his interest to affirm it, is, against his changed version of it, when his interest has changed, still taken to be true. Collier v. Union Central Life Ins. Co., 5 Cir., 100 F.2d 411; Croker v. Croker, 5 Cir., 51 F.2d 11.

The finding that petitioner owned and was taxable for the years 1926 and 1927 on profits from the sale of Southeastern Light & Power Co. finds ample support in the evidence, indeed, we think the evidence admits of no other reasonable conclusion.

There remains to consider only plaintiff's claim of a net loss on the Boll-We-Go stock as a carry over into 1926, in the light of the position respondent takes in its brief, and of that the Board takes in its finding and decision.

Respondent's sole answer, in its brief, to petitioner's claim to carry over, is that the loss was "not a loss attributable to the operation of a trade or business regularly carried on by the taxpayer," and therefore it cannot be carried forward under Sec 206(b)[1] to a later year. Dalton v. Bowers, 287 U.S. 404, 53 S.Ct. 205, 77 L.Ed. 389; Burnet v. Clark, 287 U.S. 410, 411, 53 S.Ct. 207, 77 L.Ed. 397.

This contention does not rest upon a finding by the Board for it made no finding on this score. The Board denied the claim to a carry over on entirely

[1] Revenue Act 1926, Ch. 27, 44 Stat. 9, 17, 26 U.S.C.A. § 117 and Note.

different grounds, grounds which its opinion does not make entirely clear. At one point of the opinion the view seems to be taken that petitioner's effort was to cumulate the net losses sustained. in 1923, 1924 and 1925, so as to carry the net loss of 1923 over to 1926. It correctly held, citing Bowers v. Com'r, 2 Cir., 80 F.2d 215, that petitioner could not do this. At another point in the opinion it denied the net loss on a somewhat different theory. This theory was that petitioner was not entitled to a deduction in 1925 on account of the loss of its investment in the Boll-We-Go stock; that it was entitled to a deduction in that year of $32,768 for advances made to that company, advances which became worthless in 1925, and were charged off in that year. The opinion then proceeds: "The allowance of this amount, however, does not produce a net loss for the year 1925. It still leaves petitioner with a net income for 1925 of $513.32, ($33,281.37 minus $32,768.05), against which the portion of the net loss for 1923 of $131,530.25 is applicable, thus leaving petitioner's net income for 1925 remain the same as was determined by the respondent, namely, at nothing." No account was taken in the opinion of the $27,400 loss in 1924 on the Boll-We-Go stock, or of the fact that its loss in that year would leave a net loss to be carried over to 1925, and that that net loss applied in that year after the $32,768.05 of Boll-We-Go debt losses had been deducted, would leave a net loss to be carried over for 1926. This is all that petitioner is claiming. If, as it insists is the case, the loss is attributable to the operation of a trade or business regularly carried on by it we think it was entitled to this. For here is no effort by cumulation, to carry a net loss beyond the statutory year allowed, as there was in Bowers v. Com'r., supra, by carrying the effect of a net loss in 1923 over into 1926. Petitioner seeks here merely to carry the net loss in 1924 remaining after deducting the Boll-We-Go stock loss over into 1925, and then to carry over into 1926 the net loss remaining after its deduction in that year. If the Board had found, or if the evidence admitted of no other finding than that the loss from the worthlessness of this stock was a loss attributable to the operation of a trade or business regularly carried on by the taxpayer, we should reverse the disallowance by the Board of the net loss claimed, and direct its allowance. The Board has, however, made no finding on this essential fact, we may not ourselves make the finding, and since the evidence does not, in our opinion settle it one way or the other as a matter of law, we must, while affirming the findings in all other respects, reverse and remand for further proceedings before the Board as to this item of claimed net loss. Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224; General Utilities & Operating Co. v. Helvering 296 U.S. 200, 206, 56 S.Ct. 185, 80 L.Ed. 154.

The findings and order of the Board as to all items except this one, are therefore affirmed.

The finding and order as to this item is reversed and the cause is remanded to the Board with directions to re-examine and re-determine the allowability of the net loss claimed by petitioner on account of the ascertained worthlessness in 1924 of the Boll-We-Go stock.

Affirmed in part, and in part reversed and remanded for further proceedings before the Board.