JOSEPH BUCHHALTER AND WIFE, LIBBIE BUCHHALTER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68539. Promulgated December 19, 1933.

*Charles Rosenbaum, Esq.,* for the petitioners.
*Nathan Gammon, Esq.,* for the respondent.

OPINION.

LANSDON: The petitioners are husband and wife, residing in Denver, Colorado. The respondent has determined deficiencies for the years 1925 to 1929, inclusive, in the respective amounts of $2,269.17, $699.39, $47.48, $326.57, and $1,900.17, to which he has added 50 percent fraud penalties in the respective amounts of $1,134.59, $349.70, $23.74, $163.39, and $950.09, and interest in the respective amounts of $879.60, $229.14, $12.71, $67.85, and $280.52. The petition alleges that the respondent committed some 23 errors in computing the asserted deficiencies, but as the petitioners have failed to prosecute the proceeding by adducing evidence to overcome the presumption that the determinations of the respondent are correct, no statement or summary of the pleaded errors is necessary. The Board will

make its order redetermining deficiencies in the amounts originally determined by the respondent.

The 50 percent penalties rest upon the affirmative allegations of the respondent who charges that for each of the years under review, the petitioners understated their true income in certain very, substantial amounts. In each of the years involved petitioners filed a joint return and each such return discloses that no tax liability was reported. Upon investigation of the petitioners' affairs and audit of their returns, the respondent determined gross income for each of the respective taxable years in the amounts of $35,856.25, $22,133.66, $11,425.10, $15,587.16, and $34,629.68 and computed the deficiencies, penalties, and interest here in controversy.

The respondent, in support of his affirmative allegation of fraud, introduced the revenue agent and the investigator who conducted the inquiries which led to the deficiency notice. Each testified that he had examined the books of the petitioners and collected evidence from other sources that established the basis for the additions made to the petitioners' income for each of the several years. He also introduced in evidence the sworn statement of Joseph Buchhalter made during the investigation in which Buchhalter admitted that he received substantial amounts of income in each of the taxable years that were not included in his report of gross income for any of such years. Another witness, at one time a business associate of Buchhalter, testified that in several of the taxable years he paid commissions to Buchhalter and the record shows that none of such payments were included in gross income reported in any of the years under review. Although served with ample notice, petitioner Joseph Buchhalter failed to appear at the hearing or to testify by deposition in his own behalf. His only statements for the record are his admissions in his sworn testimony before the revenue agents that many items of income received in each of the taxable years were omitted from gross income by oversight and inadvertence. We are of the opinion that something more than the plea of inadvertence is necessary to show that such understatements of income as are disclosed in this proceeding are not false and fraudulent and made to defraud the revenues and, accordingly, we affirm the respondent's determination of fraud.

Counsel for the petitioner asked many questions in cross-examination for the purpose of showing that Libbie Buchhalter had no part in making the false and fraudulent returns and therefore that no penalty should attach to her share of the income jointly reported. In each of the years Joseph Buchhalter filed a joint return for himself and wife. The deficiencies and the resulting penalties and interest apply to the joint income reported in such returns. There

is no segregation of the amounts of gross income received severally by the petitioners, nor any data indicating the deductions applicable to that part of the joint gross income received by Libbie Buchhalter in any of the years in question. In our opinion the filing of joint returns by husband and wife establishes joint and several liability of the parties thereto and the Commissioner may proceed against either or both for the collection of any deficiencies, penalties, and interest which he may determine as to such return.

*Decision will be entered for the respondent.*