**VAN VLECK et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**VAN VLECK v. SAME.**

**No. 58.**

Circuit Court of Appeals, Second Circuit.

Dec. 9, 1935.

George S. Hills, of New York City, for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Harry Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

During the calendar years 1929 and 1930, Charles E. Van Vleck, one of the petitioners, was regularly engaged in the business of buying and selling securities. He sustained a net business loss of $58,-165.37 in 1929 and filed a separate return for that calendar year which showed the loss sustained.

During the calendar year 1930, he had gross income amounting to $77,996.56 and a capital net gain of $12,679.36; but his allowable deductions for that period alone were $110,814.58, so that a computation of his income tax status for the period, figured on the basis of a separate return, left him with another net loss and with no opportunity then to carry over and use as a deduction the statutory net loss he had sustained in the previous year.

Mr. Van Vleck, however, did not file a separate return for the calendar year 1930. Instead, he and his wife, the other petitioner, who were living together and had aggregate income sufficient to entitle them so to do, filed a joint return for 1930. Mrs. Van Vleck had net income for that period which exceeded the total net losses her husband had sustained both in 1929 and 1930. In that joint return the husband's 1930 net loss was deducted from the aggregate gross income of both and the right to take that deduction has not been questioned.

What has given rise to the issue raised by these petitioners is the fact that the net loss he sustained in 1929 was also deducted. That is to say, $39,418.16 of it was taken as a deduction in the joint return, and later the petitioners filed a claim for refund based upon a recomputation in which the remainder of his 1929 loss was claimed to be deductible. That claim for refund is still pending before the Commissioner and is, strictly, not here involved although it is inevitable that the decision here will supply the basis for deciding the refund claim.

From the above, it will be seen that the sole question presented is whether, when a husband and wife filed, as they

might, a joint return for the year 1930 which showed no taxable net income except that of the wife, such taxable net may be reduced by carrying over and deducting a net loss sustained by the husband in the previous year. The right to file a joint return under the circumstances already outlined flows from the provisions of section 51 of the Revenue Act of 1928 (26 U.S.C.A. § 51 and note). The statute provides that where a husband and wife may, and do, file a single joint return "the tax shall be computed on the aggregate income." And Article 381 of T.R. 74 in so far as here applicable provides that, " * * * Where the income of each is included in a single joint return, the tax is computed on the aggregate income and all deductions and credits to which either is entitled shall be taken from such income. * * *"

In the light of the above statute and regulation no objection was made to the deduction by the husband of his 1930 statutory net loss from the net income of his wife. Simply stated, the position of the petitioners is that there is the same right to carry over and deduct his 1929 net loss.

■ This claim of right to take such a deduction fails adequately to take into account a basic limitation upon the right to carry over a net loss for purposes of deduction in a subsequent year. We agree that once either husband or wife can establish in his or her own right that a loss is deductible it may be taken from the aggregate income shown by the joint return. But in the case of a loss sustained in a previous year the right to any deduction at all depends upon the right to carry the loss over and into the computation of the current year for the purpose of determining gain or loss for the taxable year. The right to carry over a loss is an incident of the right to deduct and equally depends upon legislative grace. The enactments of Congress upon this subject disclose a general policy to limit the right to deduct losses to the taxpayer who sustained them and when the right to make them available to another is claimed it must be supported by an applicable statute. See New Colonial Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Woolford Realty Co. v. Rose, 286 U.S. 319, 52 S.Ct. 568, 76 L.Ed. 1128; Planters' Cotton Oil Co. v. Hopkins, 286 U.S. 332, 52 S.Ct. 509, 76 L.Ed. 1135.

Although the petitioners filed a joint return in 1930, each of them remained a separate and distinct taxpayer. Woolford Realty Co. v. Rose, supra. In the case just mentioned the taxpayers were corporations, but the principle applies with equal force to individual taxpayers. As two corporate taxpayers who file a consolidated return remain two separate taxpayers, so do a husband and wife who file a joint return.

■ The right to carry over and deduct a previous net loss rests upon section 117 (b) of the 1928 Revenue Act (26 U.S.C.A. § 117 note). The right to carry over is expressly limited to "any taxpayer [who] has sustained a net loss," and the right to use the deduction is as expressly limited to "computing the net income of the taxpayer" for the succeeding year or years. It follows that the only taxpayer who could use the husband's 1929 net loss in computing net income for 1930 was the taxpayer who sustained the loss, i. e. the husband himself. But it so happens that his right to take it into the computation is so restricted that he could not even do this. Section 117 (a) (6) of the Revenue Act of 1928 (26 U.S.C.A. § 117 note) provided that: "In computing the net loss for any taxable year a net loss for a prior year shall not be allowed as a deduction." As the husband sustained a net loss in 1930, he could not in his own right carry his 1929 net loss into the 1930 computation. See Bowers v. Commissioner, 80 F.(2d) 215, decided today. As the wife did not sustain the 1930 net loss, she could not carry it into the 1930 computation either. And, of course, as neither could carry it into the 1930 computation of taxable income, it could have no place at all in the 1930 joint return.

Affirmed.