**BOWERS v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 20.**

Circuit Court of Appeals, Second Circuit.

Dec. 9, 1935.

Spotswood D. Bowers, of New York City, pro se.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Berryman Green, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE Circuit Judges.

CHASE, Circuit Judge.

The petitioner suffered a statutory net loss of $253,285.73 in 1926 which he was admittedly entitled to deduct in 1927 to the extent of any net income he might have in that year. He did have net income of $66,172.98 in 1927 and used the deduction to free that income from taxation leaving a balance of his 1926 net loss to the amount of $187,112.75 available for purposes of deduction in the "next succeeding taxable year," i. e. in 1928. See section 117 (b) of the Revenue Act of 1928 (26 U.S.C.A. § 117 note).

In 1928, however, the petitioner sustained a net loss regardless of his prior net loss and so had no opportunity to use the remainder of his 1926 net loss as a deduction unless, as he now claims, he was entitled to deduct his 1926 loss from his 1928 income before using his allowable 1928 deductions. If he could do that, his 1928 return would show a net loss without using as a deduction a business loss of $59,329.96 which he sustained in 1928 and leave that amount available for deduction from income in succeeding years. He took it as a deduction in 1929. The Commissioner disallowed the deduction and assessed the deficiency in controversy. The Board upheld the action of the Commissioner. Whether or not its decision was right is the issue here.

We shall assume that the loss of $59,-329.96 was a loss sustained by petitioner in his regular business during 1928 which could be carried over and used as a deduction in 1929 or 1930, or partly in both, to the extent that it could not be used as a deduction in 1928 and there was subsequent income from which it could be deducted. In urging us to hold that it could be saved for future possible use because all of his 1928 income could be wiped out by the prior net loss, the petitioner has advanced a rather curious argument. He says rightly that section 117 (b) of the Revenue Act 1928 expressly provides for carrying a net loss into the second year and deducting it only if there is in that year net income after the computation is first made without reference to any previous loss. That is, in the second year, which would be 1927 in this case, the 1926 net loss was deductible only from net income. But in the third year, or in 1928, he contends that any remainder of the 1926 net loss may be deducted from gross income, before 1928 losses are given effect, on the theory that section 117 (b) does not expressly limit in the third year, or 1928, taking the deductions from net income as in the second year that is limited. Granting that much we, nevertheless, find an absolute denial of his argument in section 117 (a) (6) of the Revenue Act 1928 (26 U.S.C.A. § 117 note). That reads: "Net loss not to produce net loss. —In computing the net loss for any taxable year a net loss for a prior year shall not be allowed as a deduction."

It is obvious that in order to have any net loss carry-over for deduction in any year after 1928 the petitioner's computation for 1928 must show a net loss. It did in fact without using the remainder of the 1926 net loss at all. With that net loss we are unconcerned in this case except to the extent that it has been increased by some use of the 1926 net loss. Such use of the prior net loss the above section plainly forbids. It is clear enough that while Congress permitted a prior net loss to be used to wipe out current net income, it did not allow a prior net loss to be used to increase a current net loss and so make it possible for carry-over deductions to pile up and be held available whenever a taxpayer did have income, however remote in time from the year or years in which the losses were sustained, from which the losses could be deducted. On the contrary, there was a definite time limit upon the right to deduct a prior net loss to what is called the second and third years. After those years passed without net income sufficient to use up the loss by deduction, the right to deduct any, or any more, of it lapsed. Woolford Realty Co. v. Rose, 286 U.S. 319, 327, 52 S.Ct. 568, 76 L.Ed. 1128.

■ One other point raised by the petitioner requires little consideration, though it is mentioned lest it may otherwise be thought to have been overlooked. It is in brief that 1928 was not the third, and so the last, taxable year in which the 1926 net loss could be used as a deduction for the reason that, as the computation for 1928, when held to the profit and loss transactions pertaining to that year only, showed a net loss, it was not a taxable year at all within the meaning of the carry-over provisions of the statute and so should be disregarded leaving the remainder of the 1926 net loss available as a deduction in the next succeeding year in which the petitioner should have net income. As to this we may refer to the patent fact that the entire statutory plan of federal income taxation is based upon yearly periods called taxable years whether they are fiscal years or calendar years for which computations of profit and loss transactions are made in order to determine whether or not any tax is due. They are taxable years within the meaning of the statute regardless of whether or not any tax is actually found due. Indeed, the very section of the statute upon which the petitioner's claim of right to deduct the 1926 net loss is based, section 117 (b) of the Revenue Act 1928, speaks of a net loss sustained for "any taxable year" and well shows that Congress used the expression to include a tax period for which no tax was assessable.

It seems quite unnecessary to point out other similar instances of the use of the expression by Congress. One other, however, already appears herein. See section 117 (a) (6) of the same act, which is above quoted.

Affirmed.