## CROWE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5912.

Circuit Court of Appeals, Seventh Circuit.

Dec. 12, 1936.

Richard S. Tuthill and George K. Bowden, both of Chicago, Ill., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., J. Louis Monarch and Arnold Raum, Sp. Assts. to Atty. Gen., and Morton K. Rothschild, of Washington, D. C., for respondent.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

SPARKS, Circuit Judge.

This appeal involves the assessment of additional income taxes for 1926, 1927 and 1928, against Marie E. Crowe, individually, on unreported income of her husband, Timothy J. Crowe, who died on or about August 28, 1933.

During the years involved, the husband filed joint income tax returns for himself and wife. The return for 1926 disclosed a net income of $7,210.12. Neither the 1927 nor the 1928 return disclosed any net income.

Subsequently, the Commissioner discovered unexplained bank deposits for those years in the name of the husband, strongly suggestive of unreported income. He thereupon proposed to assess a deficiency upon the husband, and determined that additional income had been received by him in the amount of $181,474.25 for 1926, $601,260.95 for 1927, and $428,916.80 for 1928. These

amounts were stipulated as correct. Notice of the deficiency was mailed to the husband on October 23, 1930, in which it was proposed to assess the tax based on those incomes together with a fifty per cent civil fraud penalty. The husband appealed to the Board of Tax Appeals, but in 1933 he died, whereupon his wife as administratrix of his estate, was substituted as a party in the proceeding before the Board. On account of the death, the claim for penalty was abandoned by the Government.

On March 15, 1934, the Commissioner mailed a deficiency notice to the wife, individually, involving the same deficiencies without penalties. She also appealed to the Board, and both cases were consolidated for hearing. It was stipulated that the wife had no knowledge of any additional income received by her husband during the years involved; nor of the contents of the joint returns filed by him; nor of her husband's fraud with respect thereto. The wife raised the additional defense that the statute of limitations had run at the time the second deficiency notice was mailed.

The Board of Tax Appeals found that the sums added by the Commissioner were income fraudulently withheld from the returns involved and entered judgment for the Government in the first proceeding against the petitioner in her representative capacity. No question is here raised as to the Board's finding with respect to the assessment against petitioner in her administrative capacity.

In the second proceeding the Board held that on account of the fraudulent returns of the husband, the statute of limitations did not run in petitioner's favor, and rendered judgment against her individually for the deficiencies. The questions presented are (1) whether petitioner, individually, was liable for taxes on her husband's income not shown in the returns, and (2) whether the assessment of the deficiencies against petitioner individually was barred by the statute of limitations.

Sections 210 and 211 of the Revenue Act of 1926 (44 Stat. 21) respectively hold that normal taxes and surtaxes shall be levied, collected and paid for each taxable year, upon the net income of every individual as provided in section 223 (44 Stat. 37). That section provides:

"(b) If a husband and wife living together have an aggregate net income for the taxable year of $3,500 or over, or an aggregate gross income for such year of $5,000 or over—

"(1) Each shall make such a return, or

"(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income."

Identical provisions appear respectively in sections 11, 12, and 51 (b) (1, 2) of the Revenue Act of 1928 (26 U.S.C.A. §§ 11 note, 12 note, and § 51 and note).

Article 401 of Treasury Regulations 69, and Article 381 of Treasury Regulations 74 are here applicable and each contains the following clause: "where the income of each is included in a single joint return, the tax is computed on the aggregate income and all deductions and credits to which either is entitled shall be taken from such aggregate income  *  *  *"

. Section 277(a) of the Revenue Act of 1926 (44 Stat. 58) provides that imposed income taxes shall be assessed within three years after the return is filed, and section 275(a) of the Revenue Act of 1928 (26 U.S. C.A. § 275 note) reduces that period to two years. Section 278(a) of the Revenue Act of 1926 (44 Stat. 59), and section 276(a) of the Revenue Act of 1928 (26 U.S.C.A. § 276 and note) both provide that in case of a false or fraudulent return with intent to evade the tax it may be assessed at any time. It is conceded that assessment of the taxes in controversy against petitioner individually is barred by the statutes of limitations unless the statutes referred to are applicable to the facts here presented.

The Board held that the liability for the aggregate tax on the aggregate net income of the husband and wife was their joint and several liability. That interpretation followed their previous decisions in Buchhalter and wife v. Com'r, 29 B.T.A. 600; Carroro and wife v. Com'r, 29 B.T.A. 646, and Cole, Executrix, v. Com'r, 29 B.T. A. 602. The Court of Appeals for the Ninth Circuit reversed the Board's decision in the Cole case, Cole v. Commissioner, 81 F. (2d) 485, 104 A.L.R. 420. It held that the liability was not joint and several, and that where joint returns had been filed by the husband and wife under the Revenue Act of 1928, the husband could not be held liable for additional tax found to be due on the wife's additional income tax in the year of the joint return. Subsequently, the Board followed that decision in Darling and

wife v. Com'r, 34 B.T.A. 1062. A perusal of the decision of the Ninth Circuit convinces us that its conclusions are quite sound. At least it must be conceded that the language of the statute rendered the question a doubtful one. It is clear that if respondent's contention is correct, it must be by reason of implications arising from the language of the statute and not by any clear expression of the lawmakers. Under such circumstances, the doubt must be construed in favor of the taxpayer.

The decision of the Board of Tax Appeals is affirmed as to petitioner in her representative capacity, and reversed as to her individual liability.