## UNITED STATES v. HAMMERSTEIN et ux.

District Court, S. D. New York.
Sept. 11, 1937.

Lamar Hardy, U. S. Atty., of New York City (William F. Young, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Kurz & Kurz, of New York City (Meyer Kurz, of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The action is at law to recover a deficiency for 1931 income tax and is brought against husband and wife who filed a joint return. The wife made a motion under the New York practice to dismiss the action so far as she is concerned, on the ground that it is barred by limitations.

The facts are set forth in the moving papers and are undisputed. On April 28, 1932, the husband filed a joint income tax return of 1931 income for himself and wife. The return was signed by the husband alone. It showed a net loss of $185,000 and no tax due. In January, 1934, the husband signed a power of attorney authorizing agents "to appear for him and represent him before the Treasury Department in connection with his federal taxes for the year 1931," with power to execute waivers of limitations and so on. On February 5, 1934, the agents so designated signed a consent that the tax might be assessed at any time on or before June 30, 1935. A ninety-day letter was sent to the husband on August 10, 1934, notifying him of a $14,000 deficiency. On November 16, 1934, deficiency assessment of $14,000 and interest was made against the husband. This action was commenced on July 2, 1937, against husband and wife.

The income was in fact that of the wife. The question, however, is whether her liability for tax was barred when this suit to collect was commenced.

■ The Revenue Act of 1928, by section 275 (26 U.S.C.A. § 275 and note), provided that no proceeding in court to collect tax without assessment should be begun after the expiration of two years from filing of the return. Here no assessment was ever made against the wife. The only assessment was against the husband. The suit was commenced more than two years

from the date when the return was filed. It follows that the suit was too late as to the wife, unless there is merit in the plaintiff's point that, since the return was a joint one of husband and wife, the assessment, in form against the husband only, may be treated as one against a taxable entity consisting of husband and wife.

The statute, section 51 (26 U.S.C.A. § 51 and note), gives husband and wife living together the choice of filing separate returns or of filing a "single joint return, in which case the tax shall be computed on the aggregate income." The plaintiff's theory is that, where the choice of a single joint return is made and one tax is payable on aggregate income, there is only one taxpayer, an entity composed of the two spouses, that consequently an assessment against the member of the entity in whose name the return is filed is an assessment against both members. I cannot accept the taxpaying entity theory, however plausible, the Circuit Court of Appeals of this circuit having held in Van Vleck v. Commissioner, 80 F.(2d) 217, at page 218, that where husband and wife filed a joint return "each of them remained a separate and distinct taxpayer."

 The plaintiff also submits that husband and wife making a joint return ought to be held jointly and severally liable for the tax. There are cases in other circuits holding the contrary, Cole v. Commissioner, 81 F.(2d) 485, 104 A.L.R. 420 (C.C.A.9); Crowe v. Commissioner, 86 F.(2d) 796 (C.C.A.7), and the statement in the Van Vleck Case, supra, seems opposed. But an examination of the argument is not called for, because the mere fact of joint liability for tax would not make an assessment against the husband effective against the wife. So also it is unnecessary to consider whether the husband's consent to extension of time for assessment and the notice of deficiency sent to the husband were operative as to the wife as well. Even if they were, it would merely mean that the Commissioner might have made a timely assessment against the wife. The fact remains that no assessment against her was made. And without an assessment of tax against her the suit against her, commenced more than five years after return filed, was not timely.

The motion to dismiss as to the defendant Dorothy Hammerstein will be granted.