## COMMISSIONER OF INTERNAL REVENUE v. RABENOLD et ux.

### No. 184.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1940.

PATTERSON, Circuit Judge, dissenting.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and S. Dee Hanson, Sp. Assts. to the Atty. Gen., for petitioner.

Ellwood M. Rabenold, of New York City, for respondents.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

The taxpayers are husband and wife who filed a single joint return of their income for the year 1933, pursuant to section 51(b) (2) of the Revenue Act of 1932, 47 Stat. 188, 26 U.S.C.A. § 51(b) (2). Their return showed no tax liability but the commissioner's audit disclosed a deficiency and a deficiency notice addressed to them both was mailed. The deficiency has been stipulated to be $3,578.59. Of the ordinary net income of the taxpayers, 85 per cent. was the husband's and 15 per cent. the wife's. In addition to ordinary net income the wife had a capital net gain of some $19,000. The husband had no capital net gain. On the basis of a single joint return $1,101.48 of the agreed deficiency is attributable to ordinary net income subject to the normal and surtax rates, and $2,477.11 is attributable to capital gain subject to the capital net gain rate. The ordinary net income of the wife included interest on tax-free covenant bonds upon which a tax was paid at source in the sum of $74.25, and this sum has been allowed as a credit in determining the amount of the total deficiency; it was deducted from normal tax and surtax amounting to $1,175.73 in arriving at the amount of $1,101.48 stated above. Before the Board the commissioner contended, as he still does, that husband and wife were jointly and severally liable for the entire deficiency, but the Board apportioned it between them on the basis of their respective incomes, finding the husband's deficiency to be $999.37 and the wife's $2,579.22. These amounts are not disputed, if apportionment is permissible.

 The case presents to this court for the first time the question whether a husband and wife who elect to file a single joint return are jointly and severally liable for any deficiency which may be determined upon an audit of the return. In two other circuits the question has been answered in the negative. Cole v. Commissioner, 9 Cir., 81 F.2d 485, 104 A.L.R. 420; Crowe v. Commissioner, 7 Cir., 86 F.2d 796. These decisions have been followed by the Board in Darling v. Commissioner, 34 B.T.A. 1062; Flaherty v. Commissioner, 35 B.T.A. 1131; Hyman v. Commissioner, 36 B.T.A. 202; Seder v. Commissioner, 38 B.T.A. 874. Although the precise point is new to this court, our prior decisions in Van Vleck v. Commissioner, 2 Cir., 80 F.2d 217, certiorari denied, 298 U.S. 656, 56 S.Ct. 676, 80 L.Ed. 1382; Pierce v. Commissioner, 2 Cir., 100 F.2d 397, 121 A.L.R. 647, and DeMuth v. Commissioner, 2 Cir., 100 F.2d 1012, certiorari denied, 307 U.S. 627, 59 S.Ct. 822, 83 L.Ed. 1510, May 1, 1939, point toward a negative answer. In those cases we said that husband and wife did not become "a taxable entity" by exercising the privilege of filing a joint return but each spouse "remained a separate and distinct taxpayer." All that the statute provides is that "the tax shall be computed on the aggregate income." The privilege is granted unconditionally, without declaration that they shall be jointly liable for the tax so computed. Only by implication can an intention be inferred to make them a taxable entity or to impose joint and several liability on both spouses. Taxing statutes are not to be extended by implication; doubts must be resolved against the government. Gould v. Gould, 245 U.S. 151, 153, 38 S.Ct. 53, 62 L.Ed. 211; Crooks v. Harrelson, 282 U.S. 55, 61, 51 S.Ct. 49, 75 L.Ed. 156. Consequently, in spite of the practical administrative inconveniences if the deficiency must be apportioned between them, we think the Board's ruling was right.

In the Revenue Act of 1938 section 51 was rewritten and there was inserted in clause (b) the express provision that "the liability with respect to the tax shall be joint and several." 52 Stat. 476, 26 U.S.C.A. § 51(b). The petitioner argues that this provision should be deemed merely declaratory of existing law under prior revenue acts, and in support thereof refers to the House Committee report (H.Rep. No. 1860, 75th Cong. 3d Sess., pp. 29, 30) which reads:

"Section 51 of the bill restates in amplified form the provisions relating to filing returns in the case of individuals.

"Section 51(b) of the bill expressly provides that the spouses, who exercise the privilege of filing a joint return, are jointly and severally liable for the tax computed upon their aggregate income. It is necessary, for administrative reasons, that any doubt as to the existence of such liability should be set at rest if the privilege of filing such joint returns is continued."

With at least equal plausibility the respondents reply that the reenactment of section 51(b) in the Revenue Act of 1936, 49 Stat. 1670, 26 U.S.C.A. § 51(b), carried into legislation the construction of no joint and several liability which the Cole case had previously put upon the statutory language; hence an amendment was necessary in 1938 to change the law. If either argument is to be accepted the latter is the more persuasive. It is not apparent on what sound theory the Committee's report, even if it could be interpreted as an express declaration that the Committee members understood the prior enactments to have imposed joint and several liability, can be supposed to control a court in the exercise of its judicial function of construing the applicable statute. As already stated, only by implication can such a liability be found in the 1932 Act, and taxing laws are not to be extended by implication. Accordingly the order is affirmed.

PATTERSON, Circuit Judge (dissenting).

I dissent. The respondents, husband and wife, saw fit to file a single joint income tax return for 1933. The Revenue Act of 1932, like prior acts, gave them the right to file "a single joint return" and declared that in such case "the tax shall be computed on the aggregate income." The obvious result, it seems to me, is that husband and wife who file a single return are to be treated as a single taxpayer and are jointly liable for the tax. They are by express provision a single taxpayer for the most important feature, the amount of the tax. The thought that despite the joint return they are separate taxpayers and are separately liable, each only for the percentage of the tax that his or her net income bears to the aggregate net income, is a refinement for which I find no basis in the Act. Since 1918 the form of return used by husband and wife jointly has been the same form as that used by a single person,

and it has no spaces for separation of items between husband and wife. The decision of the majority means that the returns made by husband and wife jointly have never fulfilled their purpose, which is to state the tax liability of the person or persons submitting the return. The decision also introduces difficulties in enforcement of the tax. Take a case where husband and wife file a single return showing a tax due of $5,000, but no tax is paid. Must the government in such a case take on the task of discovering the separate income of each spouse and of pursuing each for his or her portion of the tax? Or take the case, a common one, where a joint return is filed and the tax shown due thereon is paid, but the commissioner later finds a deficiency. Must the commissioner not merely analyze all the figures and determine what part of the total tax was originally owed by each, but also find out, if he can, the contributions of each to the prior payments made on account of the tax and credit each accordingly? Such complexities in tax gathering "are not lightly to be imputed to legislators." Edwards v. Slocum, 264 U.S. 61, 63, 44 S.Ct. 293, 68 L.Ed. 564.

In prior revenue acts affiliated corporations were permitted to file a single consolidated return, the tax to be computed as a unit, but there was an express provision that the assessment of tax should be on the respective corporations on the basis of the net income properly assignable to each, in the absence of agreement to the contrary. Revenue Act of 1926, section 240, 44 Stat. 46. The corporations were thus made separate taxpayers as to liability for tax. Woolford Realty Co. v. Rose, 286 U.S. 319, 52 S.Ct. 568, 76 L.Ed. 1128. If Congress had intended the same result in the case of husband and wife filing a single return, it is fair to assume that it would have covered the point by an analogous provision. But no such provision was made as to the joint return of husband and wife.

The House Committee report on the bill which later became the Revenue Act of 1938, states that section 51 of the bill, wherein it was expressly provided that spouses electing to file a joint return are jointly and severally liable for the tax, is a restatement in amplified form of existing law. I think that such legislative construction is entitled to weight, though perhaps not controlling weight, in determining the meaning of the prior statutes.