### MOORE v. UNITED STATES.

No. 44578.

Court of Claims.
March 3, 1941.

J. C. Murphy, of Atlanta, Ga., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

MADDEN, Judge, delivered the opinion of the court:

Plaintiff in the year 1932 received $247.-50 from dividends and had a net loss of some thousands of dollars on the sale of 60 shares of American Telephone and Telegraph Company stock. On June 15, 1933, pursuant to extensions duly granted, plaintiff's husband filed a joint return for him-self and plaintiff which listed a dividend item of $8,115.75, which included plaintiff's dividends of $247.50; listed a net loss of $8,317.69 on the sale of 158 shares of American Telephone and Telegraph Company stock, which included the loss on plaintiff's sale of 60 shares of such stock; listed a total capital net gain of $13,444.64 resulting from a gain of $21,762.36 on the sales of certain shares of Coca Cola stock by the husband, and the loss of $8,317.69 recited above; and listed other items of income which in fact arose out of the husband's transactions, showing a total ordinary net income of $24,848.23, and a capital net gain of $13,444.64, making a total tax due of $2,291.49, which with interest of $19.09 was assessed to the husband on the June 1933 list. The return filed by plaintiff's husband, and signed only by him, nowhere specified any particular item of income or loss as attributable to the individual transactions of either plaintiff or her husband. Plaintiff did not file a separate return for 1932.

In June 1934, after proper preliminary steps, the Commissioner of Internal Revenue advised plaintiff's husband of the assessment of a deficiency of $1,072.35, a part of which was due to the reduction by the Commissioner of the net loss on the sale of the American Telegraph and Telephone Company stock from $8,317.69, as claimed on the return, to $6,195.07. The balance of the assessed deficiency was attributable solely to the affairs of plaintiff's husband.

Plaintiff's husband paid no part of the assessed tax or deficiency, and on October 13, 1934, the Commissioner advised plaintiff of the determination and proposed assessment against her of a deficiency in income tax of $3,363.84 consisting of the $2,291.49 of original tax and the $1,072.35 of deficiency which had been previously assessed against her husband. On December 4, 1934, plaintiff paid the deficiency assessed against her, with interest of $373.-68, making a total of $3,737.52. On February 12, 1935, the assessment against plaintiff's husband was abated, apparently because the tax had been paid by plaintiff.

On November 18, 1936, plaintiff filed a claim for refund of the amount she had paid, asserting that the tax liability should have been apportioned between herself and her husband in accordance with their respective incomes, and that certain profits

taxed were not taxable, and certain losses not claimed by plaintiff's husband on the joint return were allowable as deductions. On June 4, 1937, the Commissioner rejected the plaintiff's claim for refund, and on January 5, 1939, plaintiff brought this suit.

The question involved is whether under the Revenue Act of 1932, a wife, having no taxable income of her own but a considerable net loss, is liable for the income tax originally assessed and for a deficiency assessed upon the aggregate taxable income of herself and her husband, she having made no separate income-tax return, and her husband having made a joint return of the incomes and losses of both, with no separation of the items of income and loss as between himself and his wife shown on the return. The further ground apparently asserted in plaintiff's claim for refund of November 18, 1936, that, admitting plaintiff's liability for the tax, the amount of the tax was excessive because of gains improperly taxed and allowable losses not claimed on the return, seems not to be included in the petition, was not urged in plaintiff's brief or argument and is not considered herein.

The immediately applicable portion of the Revenue Act of 1932, 47 Stat. 169, 188, is as follows:

"§ 51. Individual Returns

" (a) Requirement. The following individuals shall each make under oath a return stating specifically the items of his gross income and the deductions and credits allowed under this title—

" (1) Every individual having a net income for the taxable year of $1,000 or over, if single, or if married and not living with husband or wife;

" (2) Every individual having a net income for the taxable year of $2,500 or over, if married and living with husband or wife; and

" (3) Every individual having a gross income for the taxable year of $5,000 or over, regardless of the amount of his net income.

" (b) Husband and Wife. If a husband and wife living together have an aggregate net income for the taxable year of $2,500 or over, or an aggregate gross income for such year of $5,000 or over—

" (1) Each shall make such a return, or

" (2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income." 26 U.S.C.A. Int.Rev.Acts, page 500.

Article 381 of Treasury Regulations 77, promulgated under the Revenue Act of 1932, and relating to section 51, sheds no new light on the question here involved.

Substantially the same provisions as those of Section 51 (b) have been in the earlier revenue acts as far back as the Revenue Act of 1918, § 223, 40 Stat. 1057, 1074. The question of this case, and cognate questions have been considered by the Department and litigated in the Board of Tax Appeals and the courts.

The Supreme Court of the United States has made two recent relevant decisions under the Revenue Act of 1934, which Act contains language identical with Section 51 (b) of the 1932 Act. One decision was to the effect that where one of the spouses, as to whom a joint return had been made, had net gains from the sale of capital assets and the other had net losses, the losses would be set off against the gains to determine whether there was a net income, and if so, the amount of it. Helvering v. Janney, 311 U.S. 189, 61 S.Ct. 241, 85 L.Ed. —, 131 A.L.R. 980, decided December 9, 1940. The other decision was to the effect that where one of the spouses, as to whom a joint return had been made, had made charitable contributions in excess of 15% of her net income, while the other's contributions were less than 15% of his net income, the combined charitable contributions of both, up to 15% of the combined net income of both, could be deducted in computing the taxable income. Taft v. Helvering 311 U.S. 195, 61 S.Ct. 244, 246, 85 L.Ed. —, decided December 9, 1940. In the latter case the court said:

"The principle that the joint return is to be treated as the return of a 'taxable unit' and as though it were made by a 'single individual' would be violated if in making a joint return each spouse were compelled to calculate his or her charitable contributions as if he or she were making a separate return. The principle of a joint return permitted aggregation of income and deductions and thus overrode the limitations incident to separate returns."

These decisions make clear that the filing of a joint return creates a joint "taxable unit" at least to the extent that it is to the advantage of one of the spouses to create such a unit.

■ Such a joint return cannot be effectively made against the will of either spouse. The statute requires either a return by each, or a joint return, and, of course, if a wife made a separate return, as she would have a right to do, her husband's attempt to make a joint return, in order to take advantage of deductions she might be entitled to, would not be permitted. Can she then allow a joint return to be filed, without becoming liable for the tax? We think not.

A conclusion that she is not liable for the tax, or is only pro rata liable, would give rise to a number of problems. Since 1918, when the statutes first provided for joint returns by husband and wife, provision has never been made in the form of return for a separation of the items of income and deductions attributable to each. If plaintiff's contention is correct, a large proportion of the assessments made upon joint returns since that time have been inaccurate, and indeed it would have been impossible for the taxing officials to make a proper assessment against each on the basis of information secured from the return. It follows that in such cases the Government has never known from whom the tax is due, or how much was due from each, if each had a net income.

It is apparently assumed in plaintiff's argument that one of the spouses can still take advantage of the deductions allowable on the other's income, although the one making the return fails to pay the tax and the other asserts that there is no liability, or only a proportionate liability upon her.

The following language of Judge Patterson, dissenting in the case of Commissioner of Internal Revenue v. Rabenold, 2 Cir., 108 F.2d 639, 641, points out further difficulties:

"The decision also introduces difficulties in enforcement of the tax. Take a case where husband and wife file a single return showing a tax due of $5,000, but no tax is paid. Must the government in such a case take on the task of discovering the separate income of each spouse and of pursuing each for his or her portion of the tax? Or take the case, a common one, where a joint return is filed and the tax shown due thereon is paid, but the commissioner later finds a deficiency. Must the commissioner not merely analyze all the figures and determine what part of the total tax was originally owed by each, but also find out, if he can, the contributions of each to the prior payments made on account of the tax and credit each accordingly? Such complexities in tax gathering 'are not lightly to be imputed to legislators.' Edwards v. Slocum, 264 U.S. 61, 63, 44 S.Ct. 293, 68 L.Ed. 564."

Judge Patterson further points out that Congress, in the Revenue Act of 1926, Section 240, 44 Stat. 46, 26 U.S.C.A. Int. Rev.Acts, page 191, expressly provided for single consolidated returns by affiliated corporations, with assessment of the tax to each on the basis of the net income properly assignable to each, thus indicating that if such a result had been intended in the case of a joint return by husband and wife, a comparable provision would have been made by Congress.

In the 1938 and later acts Section 51 (b), 26 U.S.C.A. Int.Rev.Code, § 51 (b), was clarified to expressly provide that where a joint return is filed, a husband and wife are jointly and severally liable for the tax liability for that year (52 Stat. 447). In the House Report on this Act the change is explained as follows (H.Rep.No.1860, 75th Cong., 3d Sess., pp. 29, 30; 1939–1 Cum.Bull., Part 2, 749):

"Section 51 (b) of the bill expressly provides that the spouses, who exercise the privilege of filing a joint return, are jointly and severally liable for the tax computed upon their aggregate income. It is necessary, for administrative reasons, that any doubt as to the existence of such liability should be set at rest, if the privilege of filing such joint returns is continued."

This statement by the Committee is nothing more than a recognition of the obvious fact that because of certain court decisions hereinafter cited, it was necessary that the meaning of the statute be made plain beyond argument, in order that it might be properly administered. It would not be a wise process of construction to treat the action of a legislature in clarifying a statute as an acquiescence in the contention that the statute had a different meaning before the clarifying change was made.

■■ We conclude that the tendency to construe taxing statutes in favor of the taxpayer is not sufficiently strong to require the construction contended for by the plaintiff, with all the difficulties of administration and fair application which that construction would involve. We think that the natural meaning of the word "joint," in its context, is that both spouses should be liable for the resulting tax.

We reach this conclusion with reluctance, because of the contrary decisions by several of the United States Circuit Courts of Appeals. Cole v. Commissioner, 9 Cir., 81 F.2d 485; Crowe v. Commissioner, 7 Cir., 86 F.2d 796; Commissioner v. Rabenold, supra; Sachs v. Commissioner, 6 Cir., 111 F.2d 648. However, we find the dissenting opinions of Judge Wilbur in the Cole case, supra, and Judge Patterson in the Rabenold case, supra, more persuasive, particularly in view of the language of the Supreme Court in the Janney and Taft cases, supra. See also Anderson v. United States, 5 Cir., 48 F.2d 201.

Plaintiff's petition is accordingly dismissed. It is so ordered.