## COMMISSIONER OF INTERNAL REVENUE v. UNIACKE.

### No. 80.

Circuit Court of Appeals, Second Circuit.

Dec. 31, 1942.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and Benjamin M. Brodsky, Sp. Assts. to Atty. Gen., for petitioner.

Joseph B. Uniacke, of New York City, pro se (Joseph R. Kelley, of New York City, of counsel), for respondent.

Before L. HAND, SWAN and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Pursuant to section 51(b) (2) of the Revenue Act of 1936, 49 Stat. 1670, 26 U.S.C.A. Int.Rev.Acts, page 844, Mary Lewis Hague and her husband filed a joint income tax return for the year 1936. The joint return was executed by the husband, and Mrs. Hague took no part in its preparation except to furnish information concerning her own income and expenses. On March 14, 1940 the Commissioner gave notice by letter addressed to both Mr. and Mrs. Hague that he had determined a deficiency in "your income tax liability" in the sum of more than $200,000. The notice stated that the deficiency resulted from including as income large unexplained deposits in "your account" in two banks. Each of the accounts was carried in the husband's name and the wife had no interest in either or in the deposits made therein. Mrs. Hague, on her own behalf, and the executors of the estate of her husband, whose death occurred in 1939, on behalf of his estate, filed with the Tax Court separate appeals from the Commissioner's determination. The cases were heard together. As to the estate of the husband the Tax Court held that the Commissioner was justified in treating the husband's bank deposits as income to him to the extent they were not shown to be of non-income character,[1] but as to Mrs. Hague it was held that none of the deposits constituted income to her and as to her there was no deficiency. To review the holding of no deficiency as to the wife the Commissioner filed his petition in this court, and upon suggestion of the death of Mrs. Hague, the executor of her estate was ordered to be substituted.

The question presented is whether the filing of a joint return makes the wife liable for a deficiency determined by increasing the husband's income upon an audit of the joint return. In holding that it

[1] The executors of Mr. Hague's estate have filed a petition for review which is pending in this court.

did not the Tax Court followed Commissioner v. Rabenold, 2 Cir., 108 F.2d 639; Crowe v. Commissioner, 7 Cir., 86 F.2d 796; and Cole v. Commissioner, 9 Cir., 81 F.2d 485, 104 A.L.R. 420. It is contended by the Commissioner that those cases must be deemed to have been incorrectly decided in the light of two recent opinions of the Supreme Court. Helvering v. Janney, 311 U.S. 189, 61 S.Ct. 241, 85 L.Ed. 118, 131 A.L.R. 980; Taft v. Helvering, 311 U.S. 195, 61 S.Ct. 244, 85 L.Ed. 122. This view was accepted by the Court of Claims in Moore v. United States, 37 F.Supp. 136, 93 Ct.Cl. 208, certiorari denied 314 U.S. 619, 62 S.Ct. 58, 86 L.Ed. 498. The Tax Court has also adopted it in later cases. Schoenhut v. Commissioner, 45 B.T.A. 812; Gillette v. Commissioner, 46 B.T.A. 573; Levy v. Commissioner, 46 B.T.A. 1145. See also United States v. Rosebush, D.C. E.D. Wis., 45 F.Supp. 664, 666.

Helvering v. Janney, supra, held that the capital losses of one spouse may be offset against the capital gains of the other when they file a joint return. Taft v. Helvering, supra, decided that the combined charitable contributions of husband and wife were deductible from their aggregate gross income up to 15 per cent. of their aggregate net income. Obviously each case had to do only with computing the tax liability disclosed by a joint return. Neither case involved the question whether husband and wife were jointly and severally liable for the tax so computed; the levy or the incidence of the tax was not an issue nor considered. But the opinions did approve [2] the principle expressed in an opinion of the Solicitor of Internal Revenue[3] that a joint return "is treated as the return of a taxable unit" and as though it were the return "of a single individual." These phrases are seized upon by the Commissioner as implying joint and several liability not only for the tax computed upon the aggregate net income reported in the joint return, but also for any deficiency determined by including unreported income belonging solely to one of the spouses and of which the other had no knowledge. We do not think they carry such an implication.

■ We need not question the power of Congress to impose joint and several liability as a condition upon exercise of the privilege of filing a joint return. Section 51(b) of the Revenue Act of 1938 expressly did so. 52 Stat. 476, 26 U.S.C.A. Int.Rev. Code, § 51(b). But this provision was not made retroactive; and there is no sound basis for saying it was merely declaratory of the law under earlier revenue acts, since the only court decisions on the subject were to the contrary. Nor was there any regulation or settled administrative practice under the prior acts to support the Commissioner's present contention.[4] It may also be noted that Judge Patterson's dissenting opinion in the Rabenold case, 2 Cir., 108 F.2d 639, 641, asserted only joint liability, not joint and several.

It is urged that there is no injustice in treating both spouses as a "taxable unit" and holding them jointly and severally liable for the tax computed on their combined incomes, since they have voluntarily elected to obtain such tax advantages as a joint return permits. Arguments of what is fair have little to do with the construction of tax statutes. We may admit that there would seem to be little injustice in charging both spouses with knowledge of what the joint return discloses, even though executed by only one, and in imposing joint and several liability in respect to the aggregate income so reported; but we think it would be far from just to impose by implication the much more extensive liability required to support the Commissioner's position in the case at bar. Here the aggregate income has been surcharged by several hundred thousand dollars of bank deposits belonging solely to the husband and of which the wife is not found even to have had knowledge. One cannot say that she consented to assume liability for the additional tax unless one reads into the Revenue Act of 1936 a condition that by

---

[2] See particularly Helvering v. Janney, 311 U.S. at page 193, 61 S.Ct. at page 243, 85 L.Ed. 118, 131 A.L.R. 980; and Taft v. Helvering, 311 U.S. at page 198, 61 S.Ct. at page 246, 85 L.Ed. 122.

[3] Sol. Op. 90, Cum. Bull. No. 4 p. 236 (1921).

[4] A 1923 office decision, I.T. 1575, II-1 Cum. Bull. 144, which does not have even the force of a Treasury Decision, stated:

"Where a husband and wife filed a joint return they are individually liable for the full amount of tax shown to be due on such return." By implication limitation of liability to the amount of tax shown to be due by the return recognizes that there was no assertion of joint or joint and several liability with respect to deficiencies which may be determined in respect to unreported income.

electing to file a joint return each spouse shall assume liability for any deficiency resulting from the failure of the other to report all his income. No such condition is expressed. To imply it from language granting the privilege of "computing" the tax on the joint income, seems to a majority of the court clearly to violate the canons of strict construction applicable to taxing statutes and to amount to judicial legislation.

Section 11, 26 U.S.C.A. Int.Rev.Acts, page 820, provides that "there shall be levied, collected, and paid for each taxable year upon the net income of every individual" a normal tax; and section 12, 26 U.S.C.A. Int.Rev.Acts page 820, contains a similar provision as to surtax. Section 51(b) recognizes husband and wife as separate taxpayers and provides that each shall file an individual return, or "(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income." To say that this means that each shall be jointly and severally liable for any deficiency assessed against the other puts too much upon the words "computed on the aggregate income." The section on deficiency assessments, sec. 272(a), 26 U.S.C.A. Int. Rev.Acts, page 913, says nothing as to joint returns. It directs the mailing of a deficiency notice "to the taxpayer." Not until the 1938 Act had expressly imposed joint and several liability, was a sentence added to section 272(a), 26 U.S.C.A. Int. Rev.Code, § 272(a) to the effect that in the case of a joint return by husband and wife "such notice of deficiency may be a single joint notice." Moreover, in the somewhat analogous case of a consolidated return by affiliated corporations, the distinction between computation and levy of the tax has always been recognized,[5] and each corporation of the affiliated group remains a taxpayer. Woolford Realty Co. v. Rose, 286 U.S. 319, 328, 52 S.Ct. 568, 76 L.Ed. 1128. It has never been assumed, as the Commissioner's argument requires as to a joint return by husband and wife, that computation of the tax on the basis of the consolidated income implies joint and several liability.

■ The argument based on administrative convenience does not impress us. It is urged that the construction adopted in Cole v. Commissioner, 9 Cir., 81 F.2d 485, and the cases which have followed it, would require the Commissioner, in all cases where the tax computed on their joint return was not voluntarily paid, to calculate the separate taxes of husband and wife in order to apportion liability for the tax between them; and this would necessitate an inquiry outside the return because the joint return does not ordinarily indicate the separate sources of the several items (although in the case at bar apparently it did). But such difficulties appear to be more theoretical than real. No case has been cited to us involving the problem of collecting the tax as computed on the joint return. Like the case at bar, the Cole case and the other two which followed it, involved deficiencies not disclosed by the joint return, and the inquiry which enabled the Commissioner to discover the income also enabled him to discover to which spouse it belonged. The administrative difficulties resulting from rejecting the Commissioner's construction of the statute would seem to be somewhat exaggerated in the argument. But however that may be, we think the implication of joint and several liability in respect to a deficiency assessment based on unreported income of one of the spouses is neither authorized by the statute nor required by the Supreme Court's opinions in the Janney and Taft cases. Accordingly we shall adhere to our ruling in Commissioner v. Rabenold, supra, until authoritatively instructed to the contrary. The decision of the Tax Court is affirmed.

L. HAND, Circuit Judge (dissenting).

Although, when spouses file a joint return, the statute requires the tax to be "computed on the aggregate income," my brothers believe that neither taxpayer is liable for the tax so returned. They believe that each spouse is only liable for another tax which not only appears no-

---

[5] Section 240(b) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 191, provides in the case of a consolidated return that the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective cor- porations in such proportions as may be agreed among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. See also section 141(b), Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 883.

where upon the return, but cannot even be calculated from it, for it does not separate the two incomes fused. It follows that the Commissioner cannot use the tax returned either to distrain or to sue; unless the spouses consent to pay, he must undertake an independent inquiry from sources not disclosed in the return; he must ascertain their separate incomes and "compute" a tax upon each. What he is to do then my brothers do not say, but I assume that he must divide the tax returned into parts proportional to the taxes separately estimated. There is not a syllable in the statute to justify any such proceeding; on the contrary it contradicts the basic assumption throughout the act that the taxpayer is liable for the tax returned. The only exception, so far as I know, is in the case of affiliated corporations, for which Congress provided by § 24(b) of the Revenue Act of 1926 that, if the affiliates did not agree upon the division of the tax, the Commissioner should divide it "on the basis of the net income properly assignable to each." From this it seems to me—following the conventional canon—that where Congress meant to distinguish between a taxpayer's liability and the tax returned, it supposed that it was necessary to say so.

Nor can I see any just call for such a solecism. A joint return is a privilege; the spouses seek to minimize their liability, an altogether innocent desire it is true, but one to which Congress may fairly attach joint liability. The only conceivable grievance they could have, would be that they had had some assurance that they would not be so held. From 1923 until at least the decision by a divided court in Cole v. Commissioner, 9 Cir., 81 F.2d 485, whatever authority there was appeared to be for joint liability. The only other decision which could possibly have misled them was Crowe v. Commissioner, 7 Cir., 86 F.2d 796 in which the court need only have decided that the husband's fraud did not toll the statute of limitations against the wife; although it did take broader ground. Moreover, there would be two answers to any such argument, so far as the state of the decisions gave it support; first, there is no evidence that in the case at bar the wife relied upon them; second, it would have made no difference, if she had. Administrative practice may go far to control the meaning of a statute, but we all have to take our chances on what the courts will in the end decide, and we cannot estop the Treasury if they change their minds.

Had it not been for Helvering v. Janney, 311 U.S. 189, 61 S.Ct. 241, 85 L.Ed. 118, 113 A.L.R. 980 and Taft v. Helvering, 311 U.S. 195, 61 S.Ct. 244, 85 L.Ed. 122 I might have felt concluded by our decision in Commissioner v. Rabenold, 2 Cir., 108 F.2d 639, little as it would have persuaded me; but it seems to me that the reasoning in those cases at least sets me free from the authority of what after all was only a majority opinion. I think that the later rulings of the Tax Court are right and that the present order should be reversed.