HENRY S. KERBAUGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68976. Promulgated February 6, 1934.

*Percy S. Crewe, Esq.*, for the respondent.

#### OPINION.

VAN FOSSAN: The Commissioner, under date of October 24, 1932, mailed to the petitioner a notice of deficiency covering the years 1922 to 1927, inclusive. An unpaid tax liability for 1922 and an overassessment for 1923 were determined to be barred by the statute of limitations. For 1924 there was a determination of a tax liability of $4,377.16, no part of which had been assessed, and a consequent determination of deficiency in the full amount, together with a determination of a penalty of $2,188.58 which was explained as " 50 per cent penalty provided by section 275 (b), Revenue Act of 1924." For 1925, 1926, and 1927, there was a determination of net loss, and therefore no deficiencies.

The petition was filed December 23, 1932, the form of which was in accordance with Rule 5 of the Rules of Practice. Paragraph 3 of the petition is as follows:

3. The amount of the deficiency, which represents tax and penalty for the year 1924, is $6,565.74, all of which is in controversy.

Paragraph 4 sets forth as the only assignment of error:

(a) The Commissioner has included in the taxpayer's gross income for 1924 $74,968.78 as dividends received through the partnership of Henry S. Kerbaugh Business, whereas this amount represented a loan and not dividends.

In paragraph 5 the facts are alleged as follows:

(a) The petitioner was a member of the partnership known as the H. S. Kerbaugh Business, he and John J. McMahon having an equal interest in the profits of such partnership.

(b) During the year 1924 the New Jersey Bergen Square Realty Corporation, a corporation all the stock of which was owned by the said partnership, made a loan to the partners of $148,687.56, which amount was duly entered upon the books of the corporation and of the partnership as a loan. The Commissioner has erroneously construed a part of this loan as a dividend.

The prayer is:

Wherefore, the petitioner prays that this Board may hear the proceeding and determine that the said amount of $74,968.78 represented a loan and not taxable dividends.

The respondent's answer admits paragraphs 1, 2, 3, and 5 (a), and denies the error of 4 and the facts of 5 (b).

The case came on for trial after due notice, but no one appeared for the petitioner. The respondent moves for judgment in the full amount of both the deficiency and the penalty, contending that the petitioner has failed to prosecute as to the deficiency and that since the petitioner does not attack the penalty there is no issue as to fraud to which the respondent's statutory burden of proof can attach. He cites *Hanby* v. *Commissioner*, 67 Fed. (2d) 125.

There is no question as to the right of the respondent to prevail as to the amount of the deficiency. The burden of proving error as to this determination rested on the taxpayer and in the absence of any evidence to overcome the presumption of correctness attaching thereto judgment for the respondent will be given. As to the penalty for fraud a different situation obtains and different considerations govern. The burden of proving fraud in civil cases has always been held to be on him who asserts it. It is never presumed. The Circuit Court of Appeals, in *Budd* v. *Commissioner*, 43 Fed. (2d) 509, called attention to this rule of law and pointed out that the statutory enactment in the Revenue Act of 1928 (section 601), specifically placing the burden of proving fraud on the Commissioner, was merely declaratory of what had always been the law in

fraud cases. Accordingly it reversed a decision of the Board holding, in effect, that under our rules adopted pursuant to the 1926 Revenue Act, which was in force when the case was heard before the Board, the burden of proof was on the taxpayer. As to this rule the court observed that though the Board had authority to fix rules of procedure it had no such authority as to rules of evidence, and that the burden of proof was a rule of evidence, not a rule of practice or procedure. Though the *Budd* case was heard prior to the enactment of the 1928 Act, these basic principles were not altered by that act. A charge of fraud has always been regarded as a serious matter in the law. Not only is it never presumed, but the ordinary preponderance of evidence is not sufficient to establish such a charge. It must be proved by clear and convincing evidence. *George L. Rickard*, 15 B.T.A. 316; *M. Rea Gano*, 19 B.T.A. 518; *Budd* v. *Commissioner, supra.*

Respondent's argument is that, since petitioner did not allege specifically that the respondent erred in determining fraud and did not appear and contest the determination, no issue of fraud is raised by the pleadings, and judgment should be given for the fraud penalty as well as for the deficiency.

We cannot agree. We have seen that by general rule of law and by statute the burden of proof is placed on the respondent. Since fraud is never presumed and since the burden of proof is on the respondent, there is no presumption of correctness attaching to a charge of fraud. If not admitted it must be proved. Here there is no such admission. Decisions of the Board involving questions of fact fall generally into two classes—those in which petitioner fails to overcome by evidence the prima facie presumption of correctness attaching to the finding of the Commissioner, and those in which, the presumption of correctness being overcome, the case is ruled by the preponderance of the evidence. In fraud cases, there being no presumption of correctness accorded the Commissioner's finding, they are decided by the weight of the evidence, which, as above stated, must be clear and convincing.

But, respondent argues, since the petitioner does not by his petition specifically allege error in the determination of fraud, accordingly there is no issue of fraud under the statute and, therefore, respondent need submit no evidence to sustain the charge. The obvious answer to this position is that so to do would be either to presume fraud or to put the burden of proof on the taxpayer. A further answer is that the petitioner in paragraph three of his petition specifically says that both tax and penalty are in controversy. Attention may also be called to the fact that a fraud penalty is based on the finding of a deficiency and is proportionate to the same.

If no deficiency is due there is no penalty. Petitioner alleged error in determining that a certain sum constituted dividends received and not a loan. Had petitioner proved his contention and been relieved of the deficiency he would automatically have been relieved of the charge of fraud. Nor is it to be overlooked that in this case the respondent has not complied with Rule 14 of the Board's Rules of Practice, requiring him to include in his answer a statement of the facts on which he relies to prove fraud. In this material respect the case differs from *F. O. Statler*, 27 B.T.A. 342, where the issue was whether petitioner's failure to file a reply was to be taken as an admission of fraud.

The case of *Hanby* v. *Commissioner*, *supra*, on which respondent relies, is clearly not authority in support of his position. The preliminary procedural question there considered was whether an issue of fraud was raised. The case arose under the Revenue Act of 1926 and at a time when the Board's rules did not require the respondent affirmatively to allege the facts on which he relied to prove fraud. The answer, accordingly, contained no such allegations. The court pointed approvingly to the holding of the Board that the question of fraud was inherent in the Commissioner's determination and held that the issue of fraud was before the Board. If the above decision lends support to either party here, it is to the taxpayer. Respondent is contending there is no issue of fraud raised by the pleadings. The *Hanby* case would seem to be direct authority to the contrary.

The issue of fraud being before the Board, there being no admission thereof and no evidence in support of the charge, we are of the opinion that as to this issue petitioner must prevail. The fraud penalty is not approved.

Reviewed by the Board.

> *Decision for the respondent for the amount of the deficiency without penalty will be entered.*

MCMAHON, concurring: The provision of section 907 (a), Revenue Act of 1924, as amended by section 601, Revenue Act of 1928, is as follows:

* * * In any proceeding *involving* the issue whether the petitioner has been guilty of fraud with intent to evade tax, where no hearing has been held before the enactment of the Revenue Act of 1928, the burden of proof in respect of such issue shall be upon the Commissioner. * * * [Emphasis ours.]

The word "involving" as used here has a broad meaning. It has a broader meaning than the word "pleaded." The word "issue" as used here is not qualified by the word "pleaded" or by the words "raised by the pleadings" or by the words "pleaded under the rules

of the Board." There is no justification for reading such qualifications or similar qualifications, into this statute. While the Board has authority to make rules governing its procedure, and has made them, it has no authority to make rules which conflict with the statute. The statute is paramount; and the Board's rules, in any event, must be construed to harmonize with the statute. "The issue whether the petitioner has been guilty of fraud with intent to evade tax" became involved within the meaning of section 907 (a) when respondent determined a deficiency and a penalty, based on fraud and computed on the deficiency of which he gave the petitioner notice. The penalty cannot stand without a basis of fraud to sustain it, in addition to a deficiency as a basis of computation. The burden of proving this fraud, under section 907 (a), is put upon the respondent, who relies upon it. The petitioner is not required to disprove fraud before the Board until he is confronted, at a hearing, with proof of fraud. In other words, he is not required to meet this serious issue until he is properly confronted with it; and the Board cannot approve the fraud penalty as determined by respondent and computed on the deficiency until respondent has discharged his burden of affirmatively proving the fraud upon which the penalty, as computed on the deficiency, is based. See *Miller-Pocahontas Coal Co.*, 21 B.T.A. 1360, *Carlton Building Co.*, 29 B.T.A. 599; and *Joseph Buchhalter*, 29 B.T.A. 600. Furthermore, such proof is not admissible here in the absence of respondent's allegation of fraud raising "the issue", as required by Rule 14.

STERNHAGEN, dissenting: I think that the respondent is entitled to a judgment for the full amount of both the deficiency and the penalty. The provision of section 907(a), Revenue Act of 1924, as amended by section 601, Revenue Act of 1928, is:

* * * In any proceeding [before the Board] involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, where no hearing has been held before the enactment of the Revenue Act of 1928, the burden of proof in respect of such issue shall be upon the Commissioner. * * *

Although the statement in paragraph 3 of the petition is that the entire amount representing both tax and penalty is in controversy, it will be noted that there is no assignment of error as to the determination of fraud. The respondent urges, therefore, that the fraud penalty was not put in issue and it was therefore not incumbent upon him either to plead affirmatively or to prove fraud, since the statute places the burden upon him only when the proceeding involves the issue of fraud. This seems to me to be the correct view. The assignments of error and the allegations of fact are what determine the

issues; and not the statement, pursuant to the Rules, of the "amount in controversy."

The history of Rule 5 shows that it was not the function of the statement of the amount in controversy to determine the issue. Rule 5 was adopted under the Revenue Act of 1924. In that statute, section 900 (h) provided:

\* \* \* If the amount of tax in controversy is more than $10,000 the oral testimony taken at the hearing shall be reduced to writing and the report shall contain an opinion in writing in addition to the findings of fact and decision. \* \* \*

In many cases the Commissioner's determination of deficiency involves numerous adjustments, sometimes entirely separate and sometimes interdependent. An appeal from the deficiency is not necessarily an appeal from every item in it, nor is it confined to the items determined as set forth in the notice. The amount in controversy may be more or less than the amount set forth in the notice and the issues may include new substantive items not touched by the notice of deficiency. The rule which was first adopted in July 1924 contained no requirement of a statement of the amount in controversy, but the form tentatively suggested in the appendix to the Rules included paragraph 3, as follows:

3. The taxes in controversy are (income) (profits) taxes for the (calendar or fiscal) years (_____) and are $\left(\frac{\text{more}}{\text{less}}\right)$ than $10,000.00.

This was followed by assignments of error and allegations of fact.

The revision of November 1, 1925, changed Rule 5 to include:

(c) A statement of the amount of the deficiency, the nature of the tax, the year for which asserted, and the amount thereof (as nearly as may be determined) in controversy.

And the appended suggested form was modified so that paragraph 3 was suggested in the following form:

3. The taxes in controversy are (income) (profits) (estate) (gift) taxes for the (calendar or fiscal) years (_____) and are $\left(\frac{\text{more}}{\text{less}}\right)$ than $10,-000.00, to wit: _____ dollars (state exactly if possible or approximately the amount disputed).

The revised Rules of April 1, 1926, after the enactment in February of the Revenue Act of 1926, did not change Rule 5, but modified the suggested form by omitting the $10,000 provision, which had likewise been omitted from the new statute. Paragraph 3 then became:

3. The taxes in controversy are (income, profits, estate, or gift) taxes for the (calendar or fiscal) year 19__ and for _____ dollars (state as exactly as possible the amount in dispute).

Thus these provisions of the rule and form have remained ever since. From them, it is clear that paragraph 3 had no function to frame the issue, but only to inform the Board for administrative purposes of the approximate amount involved.

But even if it had such a significance, it would still have less force to fix the issue than the specific assignments of error and allegations of fact. These were expressly designed to fix the issues and when they are clear, as in this petition they are, and need no illumination, they must dominate. To reverse the emphasis would tend to subvert the entire scheme of the pleading. Instead of shaping the course of the litigation, enabling the parties to prepare for specific issues and no others and avoid doubt as to the nature and extent of the contest, thus expediting the disposition of a voluminous docket, it would promote confusion, bickering, and delay.

The amount of the penalty, being 50 percent off the deficiency, necessarily fluctuates with the deficiency and hence, even when the petitioner admits fraud, the amount of penalty, as distinguished from the fact of fraud, is still in controversy to the extent that it exceeds 50 percent of the deficiency ultimately determined. It is entirely logical and consistent, therefore, for a taxpayer to admit the fact of fraud as ground for a penalty and yet state that the amount of penalty is in controversy until the amount of deficiency is settled. In such case, clearly, the fact of fraud would not be in issue, and the Commissioner would have no burden of proving it. We must assume Congress used the term " issue " deliberately in its accepted sense of a denied allegation.

There are some taxpayers who commit fraud, and if one chooses by his silence to acquiesce in the determination of fraud and thus, for example, avoid both an admission and the publication of the evidence in an open proceeding, there is no reason why the Commissioner should nevertheless collect and present the evidence. Under the law, the rules and the practice, a taxpayer who is confronted with a fraud penalty may litigate the issue by merely pleading it clearly. If he thus puts it in issue, the statute places the burden of proof on the Commissioner. *Miller-Pocahontas Coal Co.*, 21 B.T.A. 1360. If he does not plead it, but only states that the amount in controversy includes it, there is, in my opinion, no burden on the respondent.

To sustain the Commissioner's determination of a fraud penalty is not contrary to the statutory presumption implied in section 907 (a), nor does it contravene any doctrine against the presumption of fraud. The Commissioner has made a determination that the taxpayer fraudulently treated as a loan an item which the Commissioner holds to have been a dividend; and this determination the taxpayer

has not assailed. If no petition whatever had been filed, the Commissioner would have assessed both the deficiency and the penalty which he had officially determined. There would have been no occasion to consider a presumption because there would have been no issue. So here there is no issue as to fraud, and the Commissioner's determination has a conclusive sanction. If, after the Commissioner's determination, the taxpayer had elected the alternative remedy of payment and suit in court to recover, and had omitted to plead facts as to his freedom from fraud, there would have been no question in regard to a presumption, and the Commissioner would have been relieved of any defense of his determination of fraud or his assessment and collection of a penalty. There is no greater burden on the Commissioner before the Board, unless the taxpayer exercises his right to put the fact of fraud in issue in the manner which the Board's Rules of Practice clearly and authoritatively prescribe. This, in my opinion, he has not done.

MARQUETTE, MORRIS, MURDOCK, GOODRICH, and LEECH agree with this dissent.

---

TRAMMELL, dissenting: There can be no question but that in any proceeding *involving* the issue of fraud, the burden of proof is upon the Commissioner. The difference of opinion is when fraud is involved. I believe that a taxpayer charged with fraud in the notice of deficiency is not obligated to raise the question unless he sees fit to do so, and if he does not, the question is not involved in the proceeding before us. In a criminal case of course the burden of proof is upon the state to prove that the accused is guilty, but the accused has the right to plead guilty if he so desires, and in a proceeding before the Board involving fraud the taxpayer is not required to present the issue. If he does not deny it, or if for any other reason he does not care to have the matter presented to the Board for decision, he does not have to do so.

In my opinion, it is only when the taxpayer denies fraud that the burden of proof to establish it is upon the Commissioner. This issue must be raised in the first instance, in my opinion, by the taxpayer denying guilt of fraud as determined by the Commissioner in the notice of deficiency. We are authorized by statute to establish rules of procedure and unless such rules are contrary to statute they have the force and effect of law.

Section 601 of the Revenue Act of 1928, quoted in the concurring opinion of Member McMahon, provides that in any proceeding involving the issue whether the petitioner has been guilty of fraud, etc., the burden of proof in respect of such issue shall be upon the Commissioner. The concurring opinion referred to emphasizes

the word "involving." He states that the word "issue" as here used is not qualified by the word "pleaded" or by the words "raised by the pleadings", or by the words "pleaded under the rules of the Board." In my opinion, however, the emphasis should be laid upon the word "issue" and there can be no issue in the absence of pleadings to raise an issue. This being true, I see no objection in the statute to the rule of the Board requiring issues to be joined in pleadings. When the 1928 Act was passed the Board had been operating since 1924 upon the principle of pleadings wherein issues were required to be raised thereby. It would seem, therefore, that when the statute provided that the burden of proof was on the respondent when the *issue* of fraud is involved, Congress had reference to the methods by which issues were presented before the Board. I therefore think that if the issue is not presented before the Board, the Board has no jurisdiction either to affirm or disaffirm the Commissioner on the question of fraud and, since the taxpayer has not denied fraud, the fraud penalty would stand without any action by the Board. It is a simple matter for a taxpayer to present the issue of fraud in a pleading like any other issue in the case and when he does the Commissioner must prove it. After raising the issue the taxpayer may remain silent. But when the Commissioner determines fraud in a notice of deficiency, in my opinion, it is not an issue until the taxpayer denies it. If he denies it in his petition there is no presumption that the Commissioner's determination is correct. The presumption then is, of course, that the taxpayer is not guilty. The question, however, as to presumption arises only with respect to issues before us.