American Ideal Cleaning Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 49205.  Promulgated April 27, 1934.

*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

McMahon : The petitioner is a corporation, with its principal office at Chicago, Illinois.

The respondent determined that the following deficiencies in income tax and penalties are due from the petitioner :

| Year | Deficiency in tax | Penalty |
| --- | --- | --- |
| 1923 | $901.25 | $450.63 |
| 1924 | 1,013.75 | 506.88 |
| 1925 | 1,510.27 | 755.14 |
| 1926 | 1,093.88 | 546.94 |
| 1927 | 909.74 | 455.81 |
| Total | 5,428.89 | 2,715.40 |

In the petition the petitioner alleges that the respondent erred in asserting 50 percent fraud penalties as above stated.  In the petition it is stated, however, that the tax is not disputed and that the appeal pertains solely to the fraud penalties.  In his original answer the respondent denied all the allegations of the petitioner except the preliminary allegations.

This proceeding came on for hearing at Chicago, Illinois, on August 28, 1933.  The petitioner had no counsel at the hearing but was represented by its secretary, Vandervlue.  The petitioner offered no proof at the hearing.  At such hearing counsel for the respondent moved to amend his answer and, there being no objection on the part

of the representative of the petitioner, the motion was granted. In the amended answer the respondent admits certain allegations contained in the petition, including the allegation that the deficiencies in tax determined by the respondent are not disputed by the petitioner. Therein the respondent prayed that the Board redetermine the deficiencies in income taxes and add thereto such penalty as is provided by law.

At the hearing counsel for the respondent stated that he would not present any evidence as to the alleged fraud, and he did not present such evidence. He stated that the petition admits negligence and that he has amended his answer to agree as to negligence. But petitioner entered into no such agreement. The proceeding was submittted on the pleadings. The representative of the petitioner stated that he had no objection to that. The respondent then moved for judgment in accordance with the pleadings. The motion was taken under consideration.

The petitioner having raised no issue as to the correctness of the deficiencies in tax as asserted by the respondent in the notice of deficiency, such deficiencies are hereby approved.

The respondent, upon whom rested the burden of proving fraud, having failed to adduce proof to sustain the fraud penalties, such fraud penalties hereinabove listed are disallowed. See *Henry S. Kerbaugh*, 29 B.T.A. 1014.

There remains then only the question as to whether the petitioner is liable for any penalty for negligence. We are concerned with the Revenue Acts of 1921, 1924, and 1926. There is set forth in the margin section 275 of the Revenue Act of 1926,[1] which for our purpose is the same as section 275 of the Revenue Act of 1924 and section 250 (b) of the Revenue Act of 1921.

In *Duffin* v. *Lucas*, 55 Fed. (2d) 786; certiorari denied, 287 U.S. 611, the United States Circuit Court of Appeals for the Sixth Circuit, in reviewing a decision of a United States District Court (W. Dist. Ky.) stated in part:

\* \* \* We at once meet the question whether if, in any year, the fraud penalty is set aside by the court, and it seems to the court upon the proofs that the commissioner might rightly have imposed the negligence penalty, the court may sustain the assessment to the lesser amount. We think not. The assessment of the negligence penalty is an administrative act, involving

[1] SEC. 275. (a) If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of subdivisions (i) and (j) of section 274 shall not be applicable.

(b) If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

a zone of judgment akin to discretion. *It does not follow, on the principle that the greater includes the less, that a finding of fraud necessarily involves a finding of negligence.* In some cases, proofs develop one from the other, but in many cases they are entirely distinct. Upon given proofs of understatement, *negligence is not the necessary alternative to the conclusion of no fraud. If the charge of fraud fails, there may be no fault whatever appearing.* We think the taxpayer is entitled to have the judgment of the commissioner exercised specifically upon the issue of negligence, and entitled to whatever administrative review of that conclusion the law at the time may provide. *It follows that if the fraud penalty is not to be sustained in its entirety by the court, it must be entirely set aside.* [Emphasis ours.]

Here the respondent in the notice of deficiency asserted no penalty for negligence. Under the principles of the above cited case there is, in the instant proceeding, no presumption that any part of the deficiencies in question was due to negligence on the part of the petitioner.

Rule 14 requires respondent to affirmatively plead " a statement of any facts upon which the Commissioner relies * * * for affirmative relief * * *." This is in addition to another specific requirement imposed upon him by the same rule, which is to the effect that he must either admit or deny " each material allegation of fact contained in the petition." Respondent complied with that latter requirement; but wholly failed to comply with the former requirement. Negligence is a basis for affirmative relief if pleaded as required by Rule 14. It was not thus pleaded by respondent. Neither was the subject of negligence touched upon by the petitioner. There is nothing in the pleadings to advise the petitioner or the Board that respondent relied on negligence as a defense or for affirmative relief, all of which is required by Rule 14. Furthermore, no proof was offered by either party upon the subject of negligence. The burden of proof upon the subject of negligence, if pleaded by respondent, would, in this proceeding, be upon respondent, under Rule 30.

We do not agree with statement made at the hearing by counsel for the respondent, that negligence is admited by the petitioner in its petition. In the petition it is merely alleged, and in the amended answer it is admitted, that one Vander Meer gave only a part of his time to the business and took no active part in the operation of the business; that the discrepancies in the officers' salaries account comes about from the loose way in which the business was conducted and the inefficient way in which the books were kept; that the men concerned are not highly educated men; and that S. Kohn stated that they did not want to pay any more tax than was necessary. There were, as heretofore pointed out, no statements of fact of this character contained in the answer as required by Rule 14; and no proof was offered in this respect.

The foregoing, which is all that has been presented to us, is insufficient to sustain the respondent's contention, made at the hearing, that the petitioner is liable for negligence penalties.

Reviewed by the board.

> *Decision will be entered that there are deficiencies in income taxes for the years 1923 to 1927, inclusive, in the respective amounts of $901.25, $1,013.75, $1,510.27, $1,093.88, and $909.74.*

SMITH, TRAMMELL, and LEECH dissent.