Benjamin Kann v. Commissioner.
Kann v. Commissioner
Docket No. 54702.
United States Tax Court
T.C. Memo 1961-294; 1961 Tax Ct. Memo LEXIS 55; 20 T.C.M. (CCH) 1526; T.C.M. (RIA) 61294; October 25, 1961
*55 Petitioner pleaded statute of limitations in petition and denied respondent's allegations of fraud in reply, but died before case called for trial and no one represented him at the trial. Held, respondent's motion to dismiss for failure to prosecute with respect to tax liability, made before any evidence introduced, denied where respondent proceeded to trial on fraud issue and introduced petitioner's returns in evidence. Held, further, respondent failed to prove fraud by clear and convincing evidence. James E. Markham, Esq., for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax as follows: Addition to tax, sec.
Year
"Deficiency"
293(b), I.R.C. 1939
1945
$1,994.31
$ 997.16
1946
6,400.62
3,200.31
1947
407.47
203.74
Petitioner was not represented at the trial of this case. According to counsel for respondent, petitioner died sometime prior to November 1958 but up to the time of trial no one had been appointed executor, administrator, or representative of the estate and no steps had been taken toward administration of the estate. The notice of deficiency was dated June 25, 1954. The petition, in addition to alleging errors in the determination of the deficiencies, pleaded the statute of limitations as a bar to the assessment and collection of any deficiency. Respondent's answer denied the above allegations and affirmatively alleged that a part of the deficiency *57 determined for each year was due to fraud with intent to evade tax. Petitioner filed a reply denying the allegations of fraud. When the case was called for trial and before any evidence was introduced, respondent moved that the case be dismissed for lack of prosecution with respect to the deficiencies in income tax and that the Court enter a decision for the deficiencies in tax set forth in the motion which, because of concessions by respondent, were somewhat different than the deficiencies set forth in the notice of deficiency. Because the statute of limitations had been pleaded for each year, respondent's motion was taken under advisement, and respondent proceeded to introduce evidence to prove fraud. The issues for decision are whether any part of the deficiencies in tax determined to be due for the years 1945, 1946, and 1947 were due to fraud with intent to evade tax, and, if not, whether respondent's motion to dismiss for failure to prosecute with respect to the deficiencies in tax should be granted in any event. Findings of Fact Petitioner was a resident of Brookline, Massachusetts, during each of the years involved, and filed an individual income tax return for each *58 of the calendar years 1945, 1946, and 1947 with the collector of internal revenue for the district of Massachusetts on or before March 15, 1946, 1947, and 1948, respectively. During the years 1945, 1946, and 1947, Fellsway Motors, Inc. (hereinafter referred to as Fellsway), was a Massachusetts corporation engaged in the business of selling automobiles in Boston, Massachusetts. Petitioner owned 50 percent of the stock of Fellsway; the other 50 percent was owned by Murray Sandler. During the year 1946, petitioner, acting in behalf of Fellsway, sold certain automobiles to Gilbert Used Car Co., Portland, Maine. At petitioner's request, when the price for the automobiles had been agreed upon, Gilbert issued two checks in payment therefor, one in the amount of the purchase price shown on an invoice from Fellsway, and another for the balance of the purchase price agreed upon (referred to herein as "overages"). The checks for the invoice amount were made payable to Fellsway and were endorsed by Fellsway. The checks drawn to cover the overages were always endorsed by a finance company. [1] The figures shown on the invoices were entered on Fellsway's books as sales, while the amounts representing *59 the overages were not. In 1952 the revenue agent assigned to examine the tax returns of petitioner and Fellsway for the years here involved compared the sales prices recorded on Fellsway's books with the selling price "per customer" shown on lists furnished him by other agents of respondent. He determined that the selling prices shown on the invoices issued to various customers of Fellsway were the amounts recorded as sales on Fellsway's books and that the differences in those amounts and the sales prices shown on the lists obtained from customers of Fellsway were overages similar to those collected from Gilbert; that these amounts had been diverted to their own use by the two stockholders of Fellsway and represented dividends to them; and that 50 percent of these amounts, plus 50 percent of certain travel and entertainment expenses disallowed to Fellsway, were taxable as income to each of the two stockholders. Fellsway's tax returns for the years here involved reported sales as shown on its books. On petitioner's returns for *60 the years here involved, in addition to salary from Fellsway, he reported income from dividends and interest in the amount of $633.17 for 1945, from interest in the amount of $180 for 1946, and from interest in the amount of $800.81 for 1947. Neither the source of this income nor any details with respect thereto were shown on the returns. Respondent has failed to prove that petitioner's income tax returns for any of the years 1945, 1946, and 1947 were false or fraudulent with intent to evade tax. Opinion This Court is not divested of jurisdiction even though petitioner has died since the petition was filed and no personal representative has been appoined for his estate. Roy R. Yeoman, 25 T.C. 589 (1955). We will first dispose of respondent's motion to dismiss for failure to prosecute with respect to the deficiencies in income tax. Petitioner pleaded the statute of limitations as a defense to the assessment and collection of the proposed deficiencies. Respondent introduced petitioner's returns for the years involved into evidence in his effort to prove fraud to support the addition to tax. The returns clearly show that they were all timely filed, on or before *61 March 15, 1948, the notice of deficiency was dated June 25, 1954, and assessment and collection of any deficiency for the years 1945, 1946, and 1947 are barred by the statute of limitations, section 275(a), I.R.C. 1939, unless the returns were fraudulent. Sec. 276(a), I.R.C. 1939. But respondent argues that the burden of proving that the statute of limitations is a bar, being an affirmative defense, is on petitioner, Edward M. Lawrence, 3 B.T.A. 40 (1925), that this burden is not met where there is no proof when the returns were filed, Refiners Production Co., 43 B.T.A. 481 (1941), and that when his motion was made there was no evidence or offer of evidence by petitioner as to when the returns were filed; therefore this defense fails and the presumptive correctness of respondent's deficiency determination requires granting the motion to dismiss and entering decision for respondent in the amount of the deficiencies in tax set forth in the motion. Rule 19, Tax Court Rules of Practice, provides that motions will be acted upon by the Court as justice may require. Petitioner was deceased at the time of trial and had no representative in court. Respondent had *62 in his possession the evidence which would support or defeat petitioner's defense of the statute of limitations. He could have waived the fraud penalty and introduced no evidence; in which event his motion to dismiss would have been granted on the authority of the cases cited above. But having elected to proceed with proof of fraud, and having introduced the returns in evidence, respondent has cured any defect in petitioner's proof on the statute of limitations issue, unless fraud is found. It is well recognized that evidence introduced by one party, if sufficient, can be utilized by the other party to carry its burden of proof. L. Schepp Co., 25 B.T.A. 419 (1932); Alpine Forwarding Co. v. Pennsylvania R. Co., 60 F. 2d 734 (C.A. 6, 1932), certiorari denied 287 U.S. 647 (1932); Bradford Builders, Inc. v. Sears, Roebuck & Co., 270 F. 2d 649 (C.A. 5, 1959); 1 Jones, Evidence, sec. 204, p. 365 (5th ed. 1958). Justice did not require granting respondent's motion in the posture of the case at the time the motion was made. Had the motion been granted at that time, in the light of the evidence subsequently introduced by respondent the *63 Court would have set aside its ruling on its own motion. Respondent's motion to dismiss is denied. The burden of proving fraud is on respondent. Sec. 7454(a), I.R.C. 1954. Although no appearance was made for petitioner at the trial, he filed a reply denying the affirmative allegations of fraud in respondent's answer, thereby forcing respondent to proof of fraud. Miller-Pocahontas Coal Co., 21 B.T.A. 1360 (1931). Compare Louis Morris, 30 T.C. 928 (1958). Proof of fraud must be by clear and convincing evidence. Arlette Coat Co., 14 T.C. 751 (1950). Failure to contest adjustments made in determining the deficiency in tax is not alone proof of fraud. Oscar G. Joseph, 32 B.T.A. 1192 (1935); James Nicholson, 32 B.T.A. 977 (1935); Drieborg v. Commissioner, 225 F. 2d 216 (C.A. 6, 1955), affirming in part and reversing in part a Memorandum Opinion of this Court. On the rather scanty evidence presented, we must conclude that respondent has failed to carry his burden of proving fraud. The only evidence presented, in addition to the tax returns of petitioner and Fellsway for the years *64 involved, was the testimony of respondent's revenue agent, who audited petitioner's returns, and an automobile dealer named Gilbert, who testified with respect to certain transactions with petitioner in 1946. The agent simply compared a list, prepared by someone else from sources undisclosed, with the books and records of Fellsway and determined that Fellsway had failed to record on its books and on its tax returns the full sales prices shown on the lists as having been paid by customers of Fellsway for automobiles sold during the years 1945, 1946, and 1947. The agent concluded that the omitted sales were diverted by Fellsway's two stockholders to their own use and constituted dividends to them, to the extent of 50 percent each. He then recomputed Fellsway's income, including the unrecorded sales in its income, recomputed its surplus, which incidentally resulted in an earned surplus deficit by the end of the period, and determined what portion of the diverted funds was ordinary income and what portion represented a return of capital taxable as capital gain. His testimony does not indicate that he talked to either petitioner or the other stockholder of Fellsway, or examined whatever *65 books and records either of them may have had; nor did he talk to any customers of Fellsway who purportedly paid the overages, nor examine their books. Gilbert testified that in 1946 he approached petitioner in an effort to buy some automobiles from Fellsway, that after a price was agreed upon petitioner asked him to pay the invoice price by check and the balance by either cash or separate check, that the check for the invoice price was made out to Fellsway and was endorsed by it, that he did not remember to whom the checks for the balance of the sales prices were made payable, but they were always endorsed by an undisclosed finance company, and that the figures shown on the revenue agent's lists as "sales price per customer" were the total prices he paid for the eight automobiles he purchased, rather than the amounts shown on the lists as "sales price per Fellsway." No books or records, canceled checks, or evidence of any kind was offered to support the testimony of these only two witnesses. No evidence at all was introduced to show that petitioner retained for his own use or ever received personally any of the purported overages, and no evidence was introduced to show that petitioner *66 had any direct connection with any unreported sales, except those referred to by Gilbert in the year 1946 alone. Respondent's reliance on United Mercantile Agencies, Inc., 23 T.C. 1105 (1955), and similar cases is misplaced because here he has failed to prove one element essential to the decisions in those cases, namely, that petitioner received or retained the overages for his own use. Respondent has failed to heed the often repeated admonition of this Court set forth in Henry S. Kerbaugh, 29 B.T.A. 1014, 1016 (1934), affd. 74 F. 2d 749 (C.A. 1, 1935), that: A charge of fraud has always been regarded as a serious matter in the law. Not only is it never presumed, but the ordinary preponderance of evidence is not sufficient to establish such a charge. It must be proved by clear and convincing evidence. * * *
* * * If not admitted it must be proved. * * * Respondent having failed to prove fraud, assessment and collection of the deficiencies are barred by the statute of limitations, and the additions to tax under section 293(b), I.R.C. 1939, are not sustained. Decision will be entered for the petitioner. Footnotes
1. Respondent's witness, Gilbert, did not remember to whom these checks were made payable and none of the canceled checks were offered in evidence.↩