GERALD F. BURCH and WANNA M. BURCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burch v. Commissioner
Docket No. 708-71.
United States Tax Court
T.C. Memo 1975-367; 1975 Tax Ct. Memo LEXIS 9; 34 T.C.M. (CCH) 1579; T.C.M. (RIA) 75367; December 24, 1975. Filed A. Dean Burford, for the petitioners. W. John Howard, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was called for trial on December 1, 1975 at Dallas, Texas pursuant to notice previously given. Each party was represented by counsel. Counsel for petitioners stated in open court that petitioners would offer no evidence in support of the allegations contained in the petition and amended petitions. Respondent then filed a Motion to Dismiss for Lack of Proof and offered and had received in evidence a certified copy of a Grand Jury Indictment of petitioner, Gerald F. Burch, filed in the United States District Court for the Northern District of Texas, Dallas Division, No. CR-3-2923 Criminal, and a certified copy of the Judgment of the United States District *10 Court for the Northern District of Texas at Dallas in United States of America v. Gerald F. Burch, No. CR 3-2923. The record in this case discloses that respondent determined deficiencies in the Federal income tax of Gerald F. Burch and Wanna M. Burch for the taxable year ended December 31, 1968 in the amount of $419,068.47 and an addition to tax for fraud under section 6653(b), I.R.C. 1954, [1] in the amount of $209,534.24. Petitioners filed with this Court a petition from this notice of deficiency and, after various motions by respondent, filed a first and second amended petition to both of which respondent filed answers alleging that part of the underpayment of tax by petitioners was due to fraud with intent to evade the tax. In his amendment to answer to first amended petition, respondent alleged that Gerald F. Burch, petitioner in this case, was the same person who was the defendant in Criminal Action CR-3-2923 in the United States District Court for the Northern District of Texas at Dallas, that the Judgment in that case is final and that respondent is a party in privity with the United States of America, the prosecuting party in the criminal case in *11 which Gerald F. Burch was the defendant. Respondent further set forth the charge against defendant contained in Count 4 of the indictment as follows: That on or about the 15th day of April, 1969, in the Northern District of Texas, GERALD F. BURCH, a resident of Dallas, Texas, who during the calendar year 1968 was married, did willfully and knowingly attempt to evade and defeat a part of the income tax due and owing by him and his wife to the United States of America for the calendar year 1968, by preparing and causing to be prepared, by signing and causing to be signed, and by mailing and causing to be mailed, in the Northern District of Texas, a false and fraudulent income tax return on behalf of himself and his said wife, which was filed with the Director, Internal Revenue Service Center at Austin, Texas, wherein it was stated that their taxable income for said calendar year was the sum of $12,614.67 and that the amount of tax due and owing thereon was the sum of $3,093.90, whereas, as he then and there well knew, their joint taxable income for the said calendar year was the sum of $75,775.13, upon which said taxable income there was owing to the United States of America an income *12 tax of $19,015.07. A violation of Section 7201, Internal Revenue Code; 26 U.S.C., Section 7201. Respondent further alleged that on March 9, 1973, Gerald F. Burch entered a plea of guilty to Count 4 of the Indictment before the United States District Court for the Northern District of Texas at Dallas and that the court on April 20, 1973 entered its Judgment of conviction pursuant to the defendant's plea of guilty. Petitioner in his reply admitted these allegations. On the basis of the allegations in respondent's amendment to answer to first amended petition which are admitted in petitioners' reply, and also the copy of the Indictment and Judgment introduced by respondent at the trial, we find that petitioner, Gerald F. Burch, was convicted on April 20, 1973 of filing and causing to be filed with the Internal Revenue Service a false and fraudulent income tax return for the year 1968 in violation of section 7201. Respondent in his amendment to answer to the first amended petition further alleged that because of his criminal conviction under section *13 7201 for the taxable year 1968 petitioner, Gerald F. Burch, is estopped under the doctrine of collateral estoppel from denying in this case that he willfully filed a false and fraudulent income tax return for the year 1968 with intent to evade and defeat a part of the income tax due and owing by him and his wife for that year within the meaning of section 6653(b). Petitioner in his reply also admitted this allegation. Respondent in his Motion to Dismiss for Lack of Proof asked that the case be dismissed not only as to the deficiencies but also with respect to the addition to tax under section 6653(b) as to Gerald F. Burch since in the second amended petition there was no assignment of error with respect to the determination in the notice of deficiency as to the addition to tax under section 6653(b) of the Code. Respondent in the Motion to Dismiss for Lack of Proof further stated in paragraph 5 his contention that: The issue of liability for the addition to the tax under Code§ 6653(b) is resolved or decided by reason of the pleadings in which the petitioners admit that the petitioner Gerald F. Burch is liable for the addition to the tax under Code§ 6653(b) under the *14 doctrine of Collateral Estoppel and by the reason respondent has conceded that petitioner Wanna M. Burch is not liable for the addition to the tax under Code§ 6653(b). * * * Early in the proceedings in this case respondent filed a Motion to Dismiss this case for failure properly to prosecute contending that petitioners had not assigned error as to the determination of the addition to tax for fraud and had alleged no facts to show that the deficiency as determined was in error. In his brief in support of his motion respondent stated in part as follows: Respondent is also not unmindful of the majority opinion of the Board of Tax Appeals in Henry S. Kerbaugh,29 B.T.A. 1014 (1934) (Nonacq. C.B. XIII-1, 25), aff'd per curiam 74 F.2d 749, 14 AFTR 917 (1st Cir. 1935). In that case the Board held that the fraud issue was before it even though the taxpayer did not allege specifically in the petition that the Commissioner erred in determining fraud but merely placed the amount of the asserted fraud penalty in controversy. Respondent respectfully disagrees with the majority opinion of that case and submits that the dissenting opinions as endorsed by seven *15 of the judges present the correct view that unless fraud is specifically assigned as an issue in the petition the case does not involve an issue of fraud upon which the Commissioner has the burden of proof by statute. * * * An amended petition was filed by petitioners and respondent's motion was denied. Thereafter other motions were filed by respondent and other amended petitions filed by petitioners. Finally the case was called for trial in Dallas on December 1, 1975. In this posture of this case, we do not rule specifically on respondent's Motion to Dismiss for Lack of Proof as to the addition to tax for fraud under section 6653(b) but rather view that motion along with the evidence respondent submitted at the trial and the allegations and admissions in the pleadings in this case as in effect being a motion for judgment for respondent based on the pleadings and evidence. The facts as shown by the factual allegations in respondent's amendment to answer to first amended petition which are admitted by petitioners and the evidence at the hearing on December 1, 1975 establish as a matter of law that petitioner, Gerald F. Burch, is collaterally estopped to deny that a part of his underpayment *16 of tax for the taxable year 1968 was due to fraud within the meaning of section 6653(b). In John W. Amos,43 T.C. 50 (1964), affd. 360 F. 2d 358 (4th Cir. 1965) and in Arctic Ice Cream Company,43 T.C. 68 (1964), we held that a criminal conviction of filing a false return under section 7201 estopped the taxpayer so convicted from denying fraud for the same year in a subsequent civil case involving the addition to tax for fraud under section 6653(b). Under our holding in those cases, we find that petitioner, Gerald F. Burch, is collaterally estopped to deny that part of his underpayment of tax for the taxable year 1968 was due to fraud and therefore we hold that respondent is entitled to a determination that there is due from petitioner, Gerald F. Burch, for the taxable year 1968 an addition to tax for fraud under section 6653(b). We grant respondent's Motion to Dismiss as to the deficiency determined against Gerald F. Burch and Wanna M. Burch for failure of either party to introduce any proof in support of the allegations contained in their petition, as amended, and we will enter an appropriate order determining the deficiency as set *17 forth in the notice of deficiency. We hold on the basis of respondent's concession and in accordance with our holding in the case of Henry M. Rodney,53 T.C. 287 (1969), that petitioner, Wanna M. Burch, is not liable for any addition to tax for fraud under section 6653(b). An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩